CHRISTOPHER D. BRIGHT (SBN 206273)
cbright@mwe.com
SOYEON PAK (KAREN) LAUB (SBN 189118)
klaub@mwe.com
MANDY H. KIM
mhkim@mwe.com (SBN 267513)
McDERMOTT WILL & EMERY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Ph: 949.851.0633; Fax: 949.851.9348

Attorneys for Defendant
APRICORN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SPEX TECHNOLOGIES, INC. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>APRICORN )<br>)<br>Defendant, )<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 2:16-cv-7349 JVS (ARGx)<br><br>Hon. James V. Selna<br><br>**APRICORN'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1    Defendant Apricorn, by and through its undersigned attorneys hereby sets

2  forth its Answer and Counterclaims in response to Plaintiff SPEX Technologies,

3  Inc.'s ("Plaintiff" or "SPEX"), Complaint for Patent Infringement ("Complaint").

4  Apricorn denies each and every allegation set forth in the Complaint except for

5  those allegations expressly and specifically admitted below.  The responses below

6  reflect Apricorn's current knowledge and belief regarding the allegations to which

7  they respond and may be supplemented or amended in view of information

8  discovered during the course of this proceeding.  With respect to each of the

9  numbered paragraphs of the Complaint, Apricorn responds as follows:

10    1.    Paragraph 1 contains no factual assertions and thus requires no

11  response.  To the extent a response is required, Apricorn denies the allegations

12  contained in Paragraph 1 of the Complaint.

### PARTIES[1]

14    2.    Apricorn lacks knowledge or information sufficient to form a belief

15  about the truth of the allegations set forth in Paragraph 2 of the Complaint, and

16  therefore, denies all such allegations.  Apricorn denies any remaining allegations in

17  Paragraph 2 of the Complaint.

18    3.    Apricorn admits that it is a California corporation with its principal

19  place of business at 12191 Kirkham Road, Poway, California 92064.  Apricorn

20  denies any remaining allegations in Paragraph 3 of the Complaint.

### NATURE OF THE ACTION

22    4.    Apricorn admits that the Complaint purports to be a civil action arising

23  under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and alleging

24  patent infringement of United States Patent No. 6,088,802 (the "'802 patent") and

---

[1] Apricorn generally follows the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer.  The headings do not constitute any part of Apricorn's Answer to the Complaint or any admission by Apricorn as to the truth of the matters asserted.  Apricorn denies any allegations in the headings of the Complaint.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

United States Patent No. 6,003,135 (the "'135 patent") (collectively, the "Patents-in-Suit"), but Apricorn denies any wrongdoing or infringement.  Apricorn admits that "Exhibit A" attached to the Complaint appears to be a copy of the '802 Patent.  Apricorn admits that "Exhibit B" attached to the Complaint appears to be a copy of the '135 Patent.   Apricorn denies any remaining allegations in Paragraph 4 of the Complaint.

5.     Apricorn denies the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.     Apricorn admits that because Plaintiff alleges that this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq.*, for the purpose of this action only, this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a), but Apricorn denies any wrongdoing or infringement.  Apricorn denies any remaining allegations in Paragraph 6 of the Complaint.

7.     Apricorn admits that it has conducted business within the State of California and this district.  Apricorn denies that it has committed any acts of infringement within the State of California, this district or otherwise.  Apricorn denies any remaining allegations in Paragraph 7 of the Complaint.

8.     Apricorn does not contest that venue is permissible under 28 U.S.C. §§ 1400(b) and 1391(b) and (c) for the purposes of this action, without admitting that it is necessarily proper or convenient.  Apricorn denies that it has committed any acts of infringement within this district or otherwise.  Apricorn denies any remaining allegations in Paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9.     Apricorn lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 9 of the Complaint, and therefore, denies all such allegations.  Apricorn denies any remaining allegations in

McDermott Will & Emery LLP
Attorneys At Law
Irvine

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1 Paragraph 9 of the Complaint.

2      In a statement that is not numbered, Plaintiff states "SPYRUS IS A

3 PIONEERING ENCRYPTION COMPANY THAT HAS DEVELOPED

4 CRYPTOGRAPHIC PRODUCTS RELIED ON TO SECURE SENSITIVE

5 INFORMATION"  To the extent that this statement is intended to be a heading or

6 otherwise, Apricorn denies any allegations in this statement.  Apricorn denies any

7 remaining allegations intended by this heading or statement.

8      10.    Apricorn lacks knowledge or information sufficient to form a belief

9 about the truth of the allegations set forth in Paragraph 10 of the Complaint, and

10 therefore, denies all such allegations.  Apricorn denies any remaining allegations in

11 Paragraph 10 of the Complaint.

12      11.    Apricorn lacks knowledge or information sufficient to form a belief

13 about the truth of the allegations set forth in Paragraph 11 of the Complaint, and

14 therefore, denies all such allegations.  Apricorn denies any remaining allegations in

15 Paragraph 11 of the Complaint.

16      12.    Apricorn lacks knowledge or information sufficient to form a belief

17 about the truth of the allegations set forth in Paragraph 12 of the Complaint, and

18 therefore, denies all such allegations.  Apricorn denies any remaining allegations in

19 Paragraph 12 of the Complaint.

20      13.    Apricorn lacks knowledge or information sufficient to form a belief

21 about the truth of the allegations set forth in Paragraph 13 of the Complaint, and

22 therefore, denies all such allegations.  Apricorn denies any remaining allegations in

23 Paragraph 13 of the Complaint.

24      14.    Apricorn lacks knowledge or information sufficient to form a belief

25 about the truth of the allegations set forth in Paragraph 14 of the Complaint, and

26 therefore, denies all such allegations.  Apricorn denies any remaining allegations in

27 Paragraph 14 of the Complaint.

28      15.    Apricorn lacks knowledge or information sufficient to form a belief

about the truth of the allegations set forth in Paragraph 15 of the Complaint, and therefore, denies all such allegations.  Apricorn denies any remaining allegations in Paragraph 15 of the Complaint.

16.     Apricorn lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 16 of the Complaint, and therefore, denies all such allegations.  Apricorn denies any remaining allegations in Paragraph 16 of the Complaint.

## THE PATENTS-IN-SUIT

17.     Apricorn lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 17 of the Complaint, and therefore, denies all such allegations.  Apricorn denies any remaining allegations in Paragraph 17 of the Complaint.

18.     Apricorn admits that on its face, U.S. Patent No. 6,088,802 (the "'802 Patent") is entitled "Peripheral Device With Integrated Security Functionality" and has an issue date of July 11, 2000 from United States Patent Application No. 08/869,305 filed on June 4, 1997.  Apricorn admits that "Exhibit A" attached to the Complaint appears to be a copy of the '802 Patent.  Apricorn denies any remaining allegations in Paragraph 18 of the Complaint.

19.     Apricorn admits that on its face, U.S. Patent No. 6,003,135 (the "'135 Patent") is entitled "Modular Security Device" and has an issue date of December 14, 1999 from United States Patent Application No. 08/869,120 filed on June 4, 1997.  Apricorn admits that "Exhibit B" attached to the Complaint appears to be a copy of the '135 Patent.  Apricorn denies any remaining allegations in Paragraph 19 of the Complaint.

20.     Apricorn lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20 of the Complaint, and therefore, denies all such allegations.  Apricorn denies any remaining allegations in Paragraph 20 of the Complaint.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1

2

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

# COUNT I

## (DEFENDANT'S ALLEGED INFRINGEMENT OF THE '802 PATENT

21.     Paragraph 21 of the Complaint incorporates by reference Paragraphs 1 through 20 of the Complaint.  Accordingly, Apricorn incorporates by reference each of its responses set forth in Paragraphs 1 through 20 above as if fully restated herein.

22.     Apricorn admits that on its face, U.S. Patent No. 6,088,802 (the "'802 Patent") is entitled "Peripheral Device With Integrated Security Functionality" and has an issue date of July 11, 2000 from United States Patent Application No. 08/869,305 filed on June 4, 1997.  Apricorn admits that "Exhibit A" attached to the Complaint appears to be a copy of the '802 Patent.  Apricorn denies any remaining allegations in Paragraph 22 of the Complaint.

23.     Apricorn denies the allegations contained in Paragraph 23 of the Complaint.

24.     Apricorn denies that Exhibit C to the Complaint shows infringement of the '802 Patent.  Apricorn denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Apricorn denies the allegations contained in Paragraph 25 of the Complaint.

26.     Apricorn admits that the Complaint filed on September 28, 2016 mentions the '802 Patent.  Apricorn denies all allegations of infringement of the '802 Patent.  Apricorn denies any remaining allegations in Paragraph 26 of the Complaint.

27.     Apricorn denies the allegations contained in Paragraph 27 of the Complaint.

28.     Apricorn denies the allegations contained in Paragraph 28 of the Complaint.

29.     Apricorn denies the allegations contained in Paragraph 29 of the

1 Complaint.

2     30.    Apricorn denies the allegations contained in Paragraph 30 of the

3 Complaint.

4     31.    Apricorn denies the allegations contained in Paragraph 31 of the

5 Complaint.

6     32.    Apricorn denies the allegations contained in Paragraph 32 of the

7 Complaint.

8 **COUNT II**

9 **(DEFENDANT'S ALLEGED INFRINGEMENT OF THE '135 PATENT)**

10     33.    Paragraph 33 of the Complaint incorporates by reference Paragraphs 1

11 through 20 of the Complaint.  Accordingly, Apricorn incorporates by reference

12 each of its responses set forth in Paragraphs 1 through 20 above as if fully restated

13 herein.

14     34.    Apricorn admits that on its face, U.S. Patent No. 6,003,135 (the "'135

15 Patent") is entitled "Modular Security Device" and has an issue date of December

16 14, 1999 from United States Patent Application No. 08/869,120 filed on June 4,

17 1997.  Apricorn admits that "Exhibit B" attached to the Complaint appears to be a

18 copy of the '135 Patent.  Apricorn denies any remaining allegations in Paragraph 34

19 of the Complaint.

20     35.    Apricorn denies the allegations contained in Paragraph 35 of the

21 Complaint.

22     36.    Apricorn denies that Exhibit D to the Complaint shows infringement

23 of the '135 Patent.  Apricorn denies the remaining allegations contained in

24 Paragraph 36 of the Complaint.

25     37.    Apricorn denies the allegations contained in Paragraph 37 of the

26 Complaint.

27     38.    Apricorn admits that the Complaint filed on September 28, 2016

28 mentions the '135 Patent.  Apricorn denies all allegations of infringement of the

McDermott Will & Emery LLP
Attorneys At Law
Irvine

'135 Patent.  Apricorn denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Apricorn denies the allegations contained in Paragraph 39 of the Complaint.

40.     Apricorn denies the allegations contained in Paragraph 40 of the Complaint.

41.     Apricorn denies the allegations contained in Paragraph 41 of the Complaint.

42.     Apricorn denies the allegations contained in Paragraph 42 of the Complaint.

43.     Apricorn denies the allegations contained in Paragraph 43 of the Complaint.

44.     Apricorn denies the allegations contained in Paragraph 44 of the Complaint.

## PRAYER FOR RELIEF

Apricorn denies that Plaintiff is entitled to any of the relief and/or judgment requested in the Complaint against Apricorn.

## AFFIRMATIVE DEFENSES

Apricorn incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.  By asserting these defenses, Apricorn does not admit or acknowledge that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

45.     The Complaint fails to state any claims against Apricorn upon which relief may be granted.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement of U.S. Patent No. 6,088,802)**

46.     Apricorn has not infringed and does not infringe any valid and enforceable claim of the '802 Patent, whether directly, by inducement, and/or otherwise, either literally, or under the doctrine of equivalents.

**THIRD AFFIRMATIVE DEFENSE**

**(Non-Infringement of U.S. Patent No. 6,003,135)**

47.     Apricorn has not infringed and does not infringe any valid and enforceable claim of the '135 Patent, whether directly, by inducement, and/or otherwise, either literally, or under the doctrine of equivalents.

**FOURTH AFFIRMATIVE DEFENSE**

**(Invalidity of U.S. Patent No. 6,088,802)**

48.     One or more claims of the '802 Patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**FIFTH AFFIRMATIVE DEFENSE**

**(Invalidity of U.S. Patent No. 6,003,135)**

49.     One or more claims of the '135 Patent is invalid for failing to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**SIXTH AFFIRMATIVE DEFENSE**

**(Prosecution History Estoppel/Disclaimer of U.S. Patent No. 6,088,802)**

50.     Plaintiff is estopped, by virtue of proceedings in the United States Patent and Trademark Office during prosecution of the applications leading to the '802 Patent, from advocating a construction or application of any claims of the '802 Patent so as to cover, literally or under the doctrine of equivalents, the accused

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

products.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel/Disclaimer of U.S. Patent No. 6,003,135)

51.     Plaintiff is estopped, by virtue of proceedings in the United States Patent and Trademark Office during prosecution of the applications leading to the '135 Patent, from advocating a construction or application of any claims of the '135 Patent so as to cover, literally or under the doctrine of equivalents, the accused products.

## EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

52.     Plaintiff's claims for relief are barred, in whole or in part, by one or more of the equitable doctrines of acquiescence, estoppel, implied license, laches, unclean hands, waiver, and/or other applicable equitable defenses.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation of Damages)

53.     Plaintiff's claims for relief and prayer for damages are limited under 35 U.S.C. §§ 286 and/or 288.

## TENTH AFFIRMATIVE DEFENSE

### (License and Exhaustion)

54.     To the extent that Plaintiff has licensed or otherwise exhausted its rights and remedies as to products or services that are accused, Apricorn is not liable to Plaintiff for any alleged acts of infringement related to such products or services.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Extraterritoriality)

55.     Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside of the United States.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing of U.S. Patent No. 6,088,802)

56.     To the extent that Plaintiff lacks standing, Plaintiff's requests for relief are barred by its lack of standing to assert patent infringement of the '802 Patent or collect past damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing of U.S. Patent No. 6,003,135)

57.     To the extent that Plaintiff lacks standing, Plaintiff's requests for relief are barred by its lack of standing to assert patent infringement of the '135 Patent or collect past damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Limitation for Sales Covered by 28 U.S.C. § 1498(a))

58.     To the extent that Plaintiff may accuse products or services that are provided by or for the government of the United States of America, in accordance with 28 U.S.C. § 1498(a), there is no jurisdiction over those claims outside of the United States Court of Federal Claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mark)

59.     Plaintiff's claims are barred, in whole or in part, by the failure of the patentee and/or its licensees to comply with the marking and/or notice provisions of 35 U.S.C. § 287.

## RESERVATION OF DEFENSES

60.     Apricorn hereby reserves any and all defenses available under the Federal Rules of Civil Procedure and the U.S. Patent Laws, and any other defenses, at law or in equity, that may now exist or become available later as a result of discovery and/or further factual investigation during this litigation.

## COUNTERCLAIMS

Defendant/Counter-claimant Plaintiff Apricorn, for its counterclaims against

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

Plaintiff/Counter-claimant Defendant SPEX Technologies, Inc. ("SPEX"), alleges as follows:

### THE PARTIES

1.      Apricorn is a California corporation with its principal place of business at 12191 Kirkham Road, Poway, California 92064.

2.      Upon information and belief, SPEX is a California corporation with its headquarters at 1860 Hartog Dr., San Jose, CA 95131.

### NATURE OF THE ACTION

3.      This is an action under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, for a declaration of non-infringement and invalidity of U.S. Patent Nos. 6,088,802 (the "'802 Patent") and U.S. Patent No. 6,003,135 (the "'135 Patent").

4.      On September 28, 2016, SPEX filed its Complaint alleging that Apricorn infringes the '802 Patent and the '135 Patent.

5.      Apricorn denies infringement, and disputes the validity of the claims of the '802 Patent and the '135 Patent.

6.      There is an actual and justiciable controversy that has arisen and that presently exists between Apricorn and SPEX concerning the infringement and validity of the '802 Patent and the '135 Patent.

### JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

8.      This Court has personal jurisdiction over SPEX, and venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because SPEX conducts business in this district, and has availed itself of this Court's jurisdiction by filing its Complaint against Apricorn in this district.

### COUNTERCLAIM I

**(Declaratory Judgment of Non-Infringement of the '802 Patent)**

APRICORN'S ANSWER AND
COUNTERCLAIMS TO COMPLAINT          - 11 -          CASE NO.: 2:16-CV-7349 JVS (ARGX)

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

9.     Apricorn hereby re-alleges and incorporates by reference Paragraphs 1-8 of its Counterclaims as though fully set forth herein.

10.    The '802 Patent was issued by the United States Patent and Trademark Office and SPEX claims to own all rights in and to this patent.

11.    By its Complaint, SPEX has asserted that Apricorn infringes the '802 Patent, which allegations Apricorn denies.

12.    Apricorn does not infringe and has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '802 Patent, either literally or under the doctrine of equivalents.

13.    An actual and justiciable controversy has arisen between Apricorn and SPEX concerning the alleged infringement of the '802 Patent.

14.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Apricorn is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, any claim of the '802 Patent, either literally or under the doctrine of equivalents.

15.    This case is exceptional, and Apricorn is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNTERCLAIM II

### (Declaratory Judgment of Non-Infringement of the '135 Patent)

16.    Apricorn hereby re-alleges and incorporates by reference Paragraphs 1-8 of its Counterclaims as though fully set forth herein.

17.    The '135 Patent was issued by the United States Patent and Trademark Office and SPEX claims to own all rights in and to this patent.

18.    By its Complaint, SPEX has asserted that Apricorn infringes the '135 Patent, which allegations Apricorn denies.

19.    Apricorn does not infringe and has not infringed, directly or indirectly, by inducement or otherwise, any valid or enforceable claim of the '135 Patent, either literally or under the doctrine of equivalents.

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

20.    An actual and justiciable controversy has arisen between Apricorn and SPEX concerning the alleged infringement of the '135 Patent.

21.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Apricorn is entitled to a declaratory judgment from this Court finding that it does not infringe, directly or indirectly, any claim of the '135 Patent, either literally or under the doctrine of equivalents.

22.    This case is exceptional, and Apricorn is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNTERCLAIM III

### (Declaratory Judgment of Invalidity of the '802 Patent)

23.    Apricorn hereby re-alleges and incorporates by reference Paragraphs 1-8 of its Counterclaims as though fully set forth herein.

24.    The claims of the '802 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

25.    An actual and justiciable controversy has arisen between Apricorn and SPEX concerning the validity of the '802 Patent.

26.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, Apricorn is entitled to a declaratory judgment from this Court finding that the claims of the '802 Patent are invalid.

27.    This case is exceptional, and Apricorn is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNTERCLAIM IV

### (Declaratory Judgment of Invalidity of the '135 Patent)

28.    Apricorn hereby re-alleges and incorporates by reference Paragraphs 1-8 of its Counterclaims as though fully set forth herein.

29.    The claims of the '135 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102,

McDermott Will & Emery LLP
ATTORNEYS AT LAW
IRVINE

103, 112, and/or 116.

30.    An actual and justiciable controversy has arisen between Apricorn and SPEX concerning the validity of the '135 Patent.

31.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., Apricorn is entitled to a declaratory judgment from this Court finding that the claims of the '135 Patent are invalid.

32.    This case is exceptional, and Apricorn is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Defendant Apricorn hereby demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Apricorn respectfully prays for judgment against SPEX as follows:

A.    That SPEX's Complaint be dismissed in its entirety with prejudice and that SPEX takes nothing by its Complaint;

B.    That the Court enter a declaratory judgment that Apricorn does not infringe and has never infringed, either directly or indirectly, any valid claim of the '802 Patent, either literally or under the doctrine of equivalents;

C.    That the Court enter a declaratory judgment that Apricorn does not infringe and has never infringed, either directly or indirectly, any valid claim of the '135 Patent, either literally or under the doctrine of equivalents;

D.    That the Court enter a declaratory judgment that the claims of the '802 Patent are invalid;

E.    That the Court enter a declaratory judgment that the claims of the '135 Patent are invalid;

F.    That the Court deem this an exceptional case under 35 U.S.C. § 285 and award Apricorn its costs, expenses and attorneys' fees;

G.    That the Court enjoin SPEX, its assigns and all those in privity

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

1   therewith, from asserting the '802 Patent against Apricorn or any of its customers

2   or suppliers;

3       H.      That the Court enjoin SPEX, its assigns and all those in privity

4   therewith, from asserting the '135 Patent against Apricorn or any of its customers

5   or suppliers; and

6       I.      That the Court award Apricorn any and all other relief to which it may

7   be entitled or which the Court deems just and proper.

8

9   Dated: January 20, 2017                    Respectfully submitted,

10

11                                              */s/ Christopher D. Bright*
                                                Christopher D. Bright
12                                              cbright@mwe.com
                                                Soyeon Pak Laub
13                                              klaub@mwe.com
                                                Mandy H. Kim
14                                              mhkim@mwe.com
15                                              MCDERMOTT WILL & EMERY LLP
                                                4 Park Plaza, Suite 1700
16                                              Irvine, California 92614
17                                              Tel: 949.757.7103
                                                Fax: 949.851.9348
18

19                                              Attorneys for Defendant/Counterclaimant
20                                              APRICORN

21

22

23

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
IRVINE

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to the within-entitled action. My business address is 4 Park Plaza, Suite 1700, Irvine, California 92614.  I caused a copy of the document titled: **APRICORN'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** to be served as follows:

| | |
|---|---|
| X | I electronically filed the with the Clerk of the Court using the CM/ECF System |
| | By transmitting via electronic mail the document(s) listed above to the email addresses set forth below on this date |
| | By placing the document(s) listed above in a sealed envelope with postage hereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. |
| | By Personal Service: I served a true copy to each person[s] named at the address[es] shown. |
| | By Personal Delivery: I caused the above listed document to be hand delivered to the person[s] named at the address[es] listed below: |
| | By Federal Express: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for delivery by Federal Express. Pursuant to that practice, envelopes placed for collection at designated locations during designated hours are delivered to Federal Express with a fully completed air bill, under which all delivery charges are paid by McDermott Will & Emery LLP, that same day in the ordinary course of business |

Executed on January 20, 2017, at Irvine, California.


  _/s/ Linda A. Vidergar-Bates_
  Linda A. Vidergar-Bats