RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Ben Wang, SBN 228712
bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
SPEX TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SPEX TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN DIGITAL CORPORATION, WESTERN DIGITAL TECHNOLOGIES, INC., HGST, INC.,<br><br>Defendants. | Case No. 8:16-CV-01799-JVS-AGR<br><br>**PLAINTIFF SPEX TECHNOLOGIES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY**<br><br>**Hearing:**<br>Date: November 12, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 10C<br>Judge: Hon. James V. Selna |

RUSS, AUGUST & KABAT

| | |
|---|---|
| SPEX TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APRICORN, INC.,<br><br>Defendant. | Case No. 2:16-CV-07349-JVS-AGR |
| SPEX TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC., TOSHIBA AMERICA INFORMATION SYSTEMS, INC., TOSHIBA AMERICA, INC., TOSHIBA CORPORATION,<br><br>Defendants. | Case No. 8:16-cv-01800-JVS-AGR |

190808 MEM P&A Partial MSJ No Invalidity.docx

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS PARTIAL MOTION FOR SUMMARY JUDGMENT

TABLE OF CONTENTS

PAGE

**I. STATEMENT OF THE ISSUES TO BE DECIDED ..... 1**

**II. INTRODUCTION ..... 1**

**III. LEGAL STANDARDS ..... 3**

A. Summary Judgment Standard ..... 3

B. Invalidity Standard ..... 4

**IV. THE PRIOR ART AT ISSUE IN THIS MOTION ..... 4**

**V. ARGUMENT ..... 8**

A. SPEX Is Entitled To Partial Summary Judgment On Defendants' Prior Art Defenses Because They Cannot Show That The Prior Art Discloses the "Means For Mediating" Limitation In Each Of The Asserted Claims ..... 8

1. Defendants Cannot Meet Their Burden To Show That The Prior Art Discloses The "Means For Mediating" Limitation As Construed By The Court ..... 8

2. Alternatively, SPEX Is Entitled To Partial Summary Judgment Of No Invalidity Because What Dr. Clark Labels The "Fortezza Card" and "Lynks Card" Are Actually Different Products or Versions, From Different Companies, From Different Times, That Are Constructed And Operated Differently, And Thus Are Not Single Prior Art References ..... 15

B. Defendants Cannot Show By Clear And Convincing Evidence That The Asserted Claims Are Invalid Due to Derivation, Public Use Or On-Sale Bar ..... 19

C. Defendants' Written Description Argument Fails As A Matter Of Law ..... 21

**VI. CONCLUSION ..... 22**

RUSS, AUGUST & KABAT

190808 MEM P&A Partial MSJ No Invalidity.docx

i

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

TABLE OF AUTHORITIES PAGE

**Cases**

*Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272 (Fed. Cir. 2000) ........ 4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ........ 3, 4

*Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010) ........ 21

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........ 3

*Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347 (Fed. Cir. 2011) ........ 11

*Cumberland Pharm. Inc. v. Mylan Institutional LLC*, 846 F.3d 1213 (Fed. Cir. 2017) ........ 20, 21

*Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355 (Fed. Cir. 2010) ........ 13

*EveryScape, Inc. v. Adobe Sys., Inc.*, No. CIV.A. 10-11597-RGS, 2014 WL 4261406 (D. Mass. Aug. 27, 2014) ........ 13

*Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363 (Fed. Cir. 2002) ........ 11

*Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262 (9th Cir. 1991) ........ 13

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007) ........ 18, 19

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340 (Fed. Cir. 2008) ........ 16, 19

*Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209 (Fed. Cir. 2006) ........ 11

*Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052 (Fed. Cir. 2017) ........ 15, 16, 19

*Microsoft Corp. v. i4i Ltd. Partnership*, 131 S.Ct. 2238 (2011) ........ 4

*N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931 (Fed. Cir. 1990) ........ 22

*Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359 (Fed. Cir. 2008) ........ 16, 19

RUSS, AUGUST & KABAT

190808 MEM P&A Partial MSJ No Invalidity.docx

i

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

TABLE OF AUTHORITIES PAGE

*Pfaff v. Wells Elecs., Inc.*,
525 U.S. 55 (1998) .......... 20

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
726 F.2d 724 (Fed. Cir. 1984) .......... 15, 19

**Statutes**

35 U.S.C. § 102(a) .......... 4

35 U.S.C. § 102(b) .......... 20

35 U.S.C. § 103(a) .......... 4

35 U.S.C. § 112(a) .......... 21

35 U.S.C. § 282 .......... 4

**Rules**

FED. R. CIV. P. 56(a) .......... 3

FED. R. CIV. P. 56(c)(1)(A) .......... 4

RUSS, AUGUST & KABAT

190808 MEM P&A Partial MSJ No Invalidity.docx

ii

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPEX'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

## I. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether SPEX is entitled to partial summary judgment that Defendants have not shown that the Asserted Claims are invalid under Sections 102 or 103 based on prior art.

2. Whether SPEX is entitled to partial summary judgment that Defendants have not shown that the Asserted Claims are invalid due to derivation, public use, or on-sale bar.

3. Whether SPEX is entitled to partial summary judgment that Defendants have not shown that the Asserted Claims are invalid for failure to comply with the written description requirement.

## II. INTRODUCTION

Plaintiff SPEX Technologies, Inc. ("SPEX") accuses Defendants Western Digital Corporation, Western Digital Technologies, Inc., HGST, Inc. (collectively, "WD"), Toshiba America Electronics Components Inc., Toshiba America Information Systems, Inc., and Toshiba Corporation (collectively, "Toshiba"), and Apricorn, Inc. (WD and Apricorn are referred to collectively as "Defendants") of infringing claims 1, 2, 11, and 12 (the "Asserted Claims") of U.S. Patent No. 6,088,802 (the "'802 patent"). SPEX is entitled to summary judgment as to the majority of the invalidity defenses Defendants have asserted because Defendants lack clear and convincing evidence to support their arguments.

First, Defendants cannot establish anticipation or obviousness based on prior art. In order to establish invalidity based on the prior art, Defendants must show that the prior art (or combinations thereof) disclose the "means for mediating" limitation found in each of the Asserted Claims, which the Court construed to require both a recited function, and a corresponding structure of "interface control device 910 (as

shown in Fig. 9B)." Case No. 8:16-CV-01799, Dkt. No. 122 at 51. However, Defendants' joint invalidity expert, Dr. Clark, admitted that he did not apply the Court's claim construction in his analysis. He testified that he "didn't need to" match the prior art to Fig. 9B or its equivalents because it would be "improper" to do so since Fig. 9B just shows "components from a particular embodiment," he "didn't do a component-by-component comparison" with Fig. 9B or use Fig. 9B as "a bright-line test," and the "internals of the [allegedly corresponding structure in the prior art] are irrelevant." Weiss Decl.[1] Ex. A at 191:22-195:18, 197:13-203:15, 230:11-232:8, 278:9-14, 307:10-25. Instead of determining whether any of the prior art disclosed the corresponding structure of the Court's claim construction, Dr. Clark merely looked for a "traffic cop," which he explained was simply an "identifiable element that controls data flow" that could be implemented in "any number of ways ...." Simply put, Dr. Clark inexplicably, and wrongly, ignored the Court's claim construction, and applied his own essentially structureless test that only required something that mediated data flow. Because he did not apply the Court's claim construction, Dr. Clark's testimony cannot support a finding of invalidity, and Defendants do not have any other evidence to meet their burden of clear and convincing evidence that the prior art discloses each element of the Asserted Claims.

Apricorn also relies on another expert, Dr. Jones, to argue for invalidity based on two prior art obviousness combinations: 1) Fortezza Specifications and so called "Admitted Prior Art" ("APA"); and 2) USB 1.0 and APA. But, Dr. Jones flatly admits that none of these prior art references disclose the "means for mediating" limitation: "The means for mediating is also not taught by Fortezza alone." Weiss Decl. Ex. B at 65:22-23; *see also id.* at 17:15-21 (same for USB 1.0). And he admitted that his asserted combination of prior art was also deficient: "So you agree that your combination does not have the means for mediating, correct? [Dr. Jones]

[1] "Weiss Decl." refers to the Declaration of Andrew D. Weiss in support of SPEX's motions for summary judgment, filed concurrently.

190808 MEM P&A Partial MSJ No Invalidity.docx
2
PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

Correct, as I stated in the previous paragraphs. That's right." *Id.* at 87:12-15 (as to the Fortezza Specifications); *see also id.* at 17:22-18:3 (similar statement for USB 1.0). As a result, Defendants cannot meet their burden to show anticipation or obviousness by clear and convincing evidence.

Second, Defendants' derivation, public use, and on-sale bar defenses must also fail because they are dependent on their argument that the "Fortezza card" prior art anticipates the Asserted Claims. But because Defendants cannot make this showing, SPEX is entitled to summary judgment as to Defendants' derivation, public use and on-sale bar arguments.

Finally, SPEX is entitled to summary judgment as to Defendants' written description defense because the argument advanced by Defendants and Dr. Clark is contrary to the law. Dr. Clark opines that the written description requirement is not satisfied because the patent-in-suit does not adequately describe the infringement. But this is not the correct analysis, which only requires that the specification show to one of ordinary skill in the art that the inventors were in possession of the invention as claimed. Defendants' written description argument must therefore fail.

## III. LEGAL STANDARDS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."). A fact is "material" only if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Likewise, a dispute as to a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. The question

RUSS, AUGUST & KABAT

is "whether a jury could reasonably find *either* that the [moving party] proved his case by the quality and quantity of evidence required by the governing law *or* that he did not." *Id.* at 254. Accordingly, once the moving party establishes a prima facie case, the burden shifts to the nonmoving party to set forth specific facts by "citing to particular parts of materials in the record" showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c)(1)(A); *see also Anderson*, 477 U.S. at 250.

### B. Invalidity Standard

Patent claims are presumed valid. 35 U.S.C. § 282. A defendant must prove invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. Partnership*, 131 S.Ct. 2238, 2242 (2011).

Invalidity under 35 U.S.C. § 102(a)[2] requires a showing that "the invention was known or used by another in this county, or . . . described in a printed publication in this or a foreign country, before the invention of the patent thereof." Invalidity for anticipation based on a printed publication "requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Systems, Inc. v. Kent State University*, 212 F.3d 1272, 1282 (Fed. Cir. 2000).

Invalidity under 35 U.S.C. § 103(a) applies only "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art."

## IV. THE PRIOR ART AT ISSUE IN THIS MOTION

In support of their invalidity arguments, Defendants served an expert report from Dr. Clark, and Apricorn alone served an expert report from Dr. Jones. WD and Toshiba rely on all of Dr. Clark's opinions. Apricorn relies on Dr. Jones for his

[2] Because of the priority date of the patent-in-suit, this case is governed by the pre-AIA versions of 35 U.S.C. §§ 102 and 103.

190808 MEM P&A Partial MSJ No Invalidity.docx

4

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

opinions of invalidity due to obviousness based on the Fortezza Specifications plus "Admitted Prior Art" ("APA") and USB 1.0 plus APA, but relies on Dr. Clark for his non-Fortezza Card Products opinions, including the Lynks card, Patent Prior Art, and Dr. Clark's written description opinion. The prior art relied on by Dr. Clark and Dr. Jones is summarized below.

"Fortezza Card Products": The Fortezza Card Products refer to a collection of products that resulted from a government program in the first half of the 1990s. Weiss Decl. Ex. L at 76:8-22. The Fortezza Card Products were designed to provide encryption and authentication support for the government's new electronic message system called the "Defense Messaging System." *Id.* The Fortezza Card Products were designed to provide security for unclassified data. Weiss Decl. Ex. E at 181, ¶4.[3] The Fortezza Card Products refer to a variety of different Fortezza-branded products and proposals. Dr. Clark improperly relies on a compilation of multiple products and specifications as one reference. This Motion refers to the Fortezza related art asserted by Dr. Clark as "Fortezza Card Product" prior art.

"Fortezza Specifications": The Fortezza documents include two documents referred to as "Fortezza NSA" and "Fortezza Spyrus." Weiss Decl. Ex. C at ¶¶107, 111. This Motion will refer to the Fortezza NSA and Fortezza Spyrus documents together as the "Fortezza Specifications." While Dr. Jones limits his opinions to the Fortezza Specifications (in combination with APA), Dr. Clark's Fortezza Card Products include the Fortezza Specifications as well as documents about multiple products and proposals.

Lynks card: The reference referred to as the Lynks card by Dr. Clark is also a compilation of products sold under the Lynks brand that were sold by SPEX's

[3] There was also a Fortezza-branded product called Fortezza Plus. It is a completely different product, geared towards classified information. Weiss Decl. Ex. L at 84:13-24, 151:23-152:13, 157:16-157:25; Weiss Decl. Ex. M at 119:21-120:7.

190808 MEM P&A Partial MSJ No Invalidity.docx

5

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

sister company, Spyrus, Inc. Weiss Decl. Ex. R at 1. Only Dr. Clark renders an opinion regarding the Lynks card.

Patent Prior Art: Defendants identify three purported invalidating patent prior art references: (1) Harari is U.S. Patent No. 5,887,145; (2) Guy is U.S. Patent No. 5,615,262; and (3) Levy is U.S. Patent No. 5,748,744. Only Dr. Clark renders an opinion regarding the Patent Prior Art.

USB 1.0: Apricorn alone, through Dr. Jones, asserts that the 1.0 version of the USB specification in combination with APA render the Asserted Claims invalid.

APA: Dr. Jones identifies APA as being Figures 1 and 2 of the patent-in-suit as well as the related descriptions in the specification at 1:28-3:14. Weiss Decl. Ex. E at 207 (citing Figures 1 and 2 of the '802, and the related text).[4]

A chart summarizing the prior art at issue in this Motion, along with an identification of the expert witness asserting it, is set forth below:

---

[4] At deposition, Dr. Jones attempted to expand his definition of APA to include other portions of the specification. Weiss Decl. Ex. B at 12:23-14:22. Though not disclosed in his expert report and therefore improper, Dr. Jones' new opinions at deposition do not affect this motion. Should Apricorn rely on Dr. Jones' improper opinions in opposing this Motion, SPEX reserves all of its rights including the right to strike Dr. Jones' new opinions.

190808 MEM P&A Partial MSJ No Invalidity.docx

6

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

| **Party** | **Reference** | **Grounds** | **Expert** |
|---|---|---|---|
| Western Digital, Toshiba, Apricorn | Lynks card<br>Harari<br>Guy<br>Levy | 102/103<br>102/103<br>102/103<br>102/103 | Clark |
| Western Digital, Toshiba | Fortezza Card Products | 102/103 | Clark |
| Apricorn | Fortezza Specifications and APA<br>USB 1.0 in view of APA | 103<br>103 | Jones |

The Defendants used Harari as a primary reference during their *inter partes* proceeding. Under a lesser standard of proof, the PTAB issued a Final Written Decision finding that the Asserted Claims were not unpatentable under Harari (in combination with references Dr. Clark did not opine on). Weiss Decl. Ex. D at 36-38, 40-41 (finding, among other things, that Harari did not disclose the "means for mediating" limitation).[5] Concurrent with this Motion, SPEX is filing a motion for summary judgment addressing the estoppel effects of the Final Written Decision on the Defendants' invalidity arguments.

[5] The PTAB has also refused to institute two other *inter partes* review proceedings as to the '802 patent. Weiss Decl. Ex. F at 19; Weiss Decl. Ex. G at 12.

190808 MEM P&A Partial MSJ No Invalidity.docx
7
PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

## V. ARGUMENT

### A. SPEX Is Entitled To Partial Summary Judgment On Defendants' Prior Art Defenses Because They Cannot Show That The Prior Art Discloses the "Means For Mediating" Limitation In Each Of The Asserted Claims

Defendants cannot establish invalidity by clear and convincing evidence because they lack any evidence that the prior art discloses the "means for mediating" limitation as construed by the Court. Dr. Clark testified repeatedly that he ignored the Court's claim construction in forming his opinions (Weiss Decl. Ex. A at 191:22-195:18, 197:13-203:15, 230:11-232:8, 278:9-14, 307:10-25), and Dr. Jones admitted that none of the prior art he relied on – the Fortezza Specifications, USB 1.0 and the APA – disclose the "means for mediating" limitation (Weiss Decl. Ex. B at 65:22-23).

#### 1. Defendants Cannot Meet Their Burden To Show That The Prior Art Discloses The "Means For Mediating" Limitation As Construed By The Court

The Asserted Claims, which are all device claims, contain the limitation "means for mediating communication of data between the host computing device and the target means so that the communicated data must first pass through the security means." The Court construed this limitation as a means-plus-function claim element with the following construction:

Recited Function: mediating communication of data between the host computer device and the target means so that the communicated data must first pass through the security means

Corresponding Structure: Interface control device 910 (as shown in Fig. 9B). Figure 9B is reproduced below.

RUSS, AUGUST & KABAT

190808 MEM P&A Partial MSJ No Invalidity.docx

8

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY



RDY/BSY
RDY/BSY REGISTER
COMMAND DETECTOR
COMPACT FLASH SECTOR CNTR
PCMCIA INTERFACE
PCMCIA I/O CNTLR
PCMCIA ADDR BUFFER
PCMCIA DATA BUFFER
BUF EN
I/O CNTROL
ADDRESS
DATA
STATE CNTLR
LOCAL CONTROL
LOCAL DATA
LCL ADDRESS
COMPACT FLASH I/O CONTROL
COMPACT FLASH DATA BUFFER
CARD ENABLE DCDR
CONFIG REGISTERS
COMPACT FLASH INTERFACE
CRYPTO PROCESSOR INTERFACE
8
18
16
12
910
911

FIG. 9B

**a. Dr. Jones Admits That The "Means For Mediating" Limitation Is Not Disclosed By The Prior Art; And Dr. Clark Admits That He Did Not Apply The Court's Claim Construction**

Defendants cannot show by clear and convincing evidence that the prior art discloses a structure corresponding to interface control device 910 or its equivalent. Accordingly, SPEX is entitled to summary judgment of no anticipation of the Asserted Claims.

Dr. Jones (on behalf of Apricorn) admits that none of the prior art he relies on – the Fortezza Specifications, USB 1.0, and the APA – disclose the "means for mediating" limitation. Weiss Decl. Ex. E at 255, ¶63 (admitting that interface control device 910 is not disclosed by the Fortezza card alone); 276, ¶127 ("this limitation is obvious in view of Fortezza and APA"); 211, ¶117 ("The structure 'Interface Control Device (as shown in Fig. 9B)'…is not present"). At deposition, Dr. Jones confirmed that he did not provide any opinion that the Asserted Claims

190808 MEM P&A Partial MSJ No Invalidity.docx 9
PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

were anticipated. Weiss Decl. Ex. B at 12:6-15 (admitting that he has no anticipation opinions), 20:6-13 (admitting that his obviousness combination are, in his opinion, the strongest invalidity arguments), 65:14-23 ("The means for mediating is also not taught by Fortezza alone."), 68:17-21 (similar), 74:7-11 (similar), 74:23-75:7, 24:13-16 (USB 1.0 does not anticipate); 115:16-22 (USB 1.0 missing a number of elements of the '802 patent claims), 116:2-6 (same).

Dr. Clark's opinions fare no better. Ignoring the Court's claim construction, Dr. Clark, on behalf of Defendants, submitted a report opining that the Lynks card, Harari, Guy and Levy, and, on behalf of WD and Toshiba only, that the Fortezza Card Products each anticipate the Asserted Claims. Dr. Clark thus must show that each of these references meet the "means for mediating" limitation.

Dr. Clark's opinions are not sufficient to raise a material question of fact, however, because he admitted he did not apply the Court's claim construction. Dr. Clark's admission was unequivocal: "[I]n conducting your analysis, you did not require all of the components as depicted in [Figure 9B] to determine if [the means for mediating limitation] was met? [Dr. Clark]: There's no need to." Weiss Decl. Ex. A at 198:13-18. Dr. Clark's admission was not inadvertent; he testified repeatedly at deposition that he applied his own construction that disregarded any particular structure so long as the recited function was satisfied: "if you had a traffic cop, ***however that was implemented***, then you met the limitation." *Id.* at 193:14-194:3 (emphasis added); *see also, e.g.*, *id.* at 193:9-13 (testifying he "didn't have a specific set of implementations" when performing his analysis; a data buffer was not required); 131:23-132:6 (incorrectly claiming that the Court's construction is that "you would control and be in the middle of the communications"); 197:13-23 (testifying that he did not consider whether the Lynks card disclosed the elements of Figure 9B, which includes interface control device 910); 230:11-22 (testifying that the specific architecture of the corresponding structure was irrelevant to his analysis so long as it operated as a "traffic cop"); 191:22-192:1 (a command detector was not

190808 MEM P&A Partial MSJ No Invalidity.docx

10

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

necessary to meet the Court's construction); 64:14-65:25 (testifying that he analyzed for a physical arrangement where data had to travel through the security means; no other physical limitations). Because Dr. Clark did not apply the Court's claim construction, Dr. Clark's opinion cannot establish that any of the prior art anticipates the "means for mediating" limitation. *See, e.g., Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1224 n. 2 (Fed. Cir. 2006) (holding that the district court did not err in excluding expert testimony inconsistent with the court's claim construction ruling); *Cordis Corp. v. Boston Sci. Corp.*, 658 F.3d 1347, 1357 (Fed. Cir. 2011) ("we must disregard the testimony of Cordis's expert…because…that testimony was based on an incorrect understanding of the claim construction"); *see also Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1375 (Fed. Cir. 2002) (disregarding testimony using an incorrect interpretation of the claims).

To prove anticipation by a prior art reference, Defendants have to prove that prior art reference discloses the "means for mediating" step as construed by the Court. Defendants have no evidence supporting their anticipation arguments other than Dr. Jones' and Dr. Clark's opinions. Accordingly, because Dr. Jones admitted that the Fortezza Specifications, USB 1.0 and the APA do not disclose the "means for mediating" limitation, and Dr. Clark admitted that he did not analyze the prior art using the Court's construction for the "means for mediating" limitation, Defendants cannot show by clear and convincing evidence that the prior art discloses this limitation. SPEX is therefore entitled to summary judgment of no anticipation as to the Fortezza Card Products, the Fortezza Specifications, the Lynks card, Harari, Levy, Guy, USB 1.0, and APA references.

RUSS, AUGUST & KABAT

190808 MEM P&A Partial MSJ No Invalidity.docx 11

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

**b. SPEX Is Entitled To Partial Summary Judgment Of No Obviousness**

**(1) Dr. Jones Admitted At Deposition That Neither The Combination Of The Fortezza Specifications And APA Nor The Combination Of USB 1.0 And APA Disclosed The "Means For Mediating" Claim Limitation**

Dr. Jones, on behalf of Apricorn only, opines that the combination of the Fortezza Specifications and APA render the Asserted Claims obvious. Weiss Decl. Ex. E at 276, ¶¶127-128. However, at deposition, Dr. Jones admitted that the combination of the Fortezza Specifications and APA did not disclose this limitation. Weiss Decl. Ex. B at 80:11-15 ("So in the proposed combination of Fortezza Crypto Card plus admitted prior art, it still would not have the required structure or its equivalent, correct? [Dr. Jones] That's correct."); 87:12-15 ("So you agree that your combination does not have the means for mediating, correct? [Dr. Jones] Correct, as I stated in the previous paragraphs. That's right."). Dr. Jones similarly admitted that the combination of USB 1.0 and APA did not disclose the "means for mediating" limitation. *Id.* at 24:21-25; 17:22-18:8.

Moreover, Dr. Jones's expert report does not provide a specific opinion that any of the prior art discloses the "means for mediating" limitation as construed by the Court. Instead, Dr. Jones cites to his arguments regarding element c of claim 57 of the '135 patent, as well as evidence cited in exhibits attached to his report. Weiss Decl. Ex. E at 276, ¶¶127-128; 235, ¶8.[6] Neither citation supports a finding that the prior art discloses the "means for mediating" limitation. Element c of claim 57 of the '135 patent is a method claim element and therefore entirely lacks the structure

[6] Although pending at the time that the expert reports were served, SPEX agreed to withdraw its contentions as to the '135 patent against Apricorn. SPEX continues to assert that the Kingston defendants in a co-pending case infringe certain claims of the '135 patent.

190808 MEM P&A Partial MSJ No Invalidity.docx

12

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

required by the Court's construction for the term. Indeed, Dr. Jones' limited analysis on this point does not discuss any structure at all, let alone compare interface control device 910, required by the Court's construction, to the combination of the Fortezza Specifications or USB 1.0, and APA. *Id.* at 265-66, ¶91, 226, ¶¶163-64. In any event, Apricorn cannot rely on Dr. Jones' report to try to create an issue of fact, because Dr. Jones' clearly admitted that the Fortezza Specifications do not disclose this limitation. *E.g.*, Weiss Decl. Ex. B at 65:14-23 ("The means for mediating is also not taught by Fortezza alone."); *EveryScape, Inc. v. Adobe Sys., Inc.*, No. CIV.A. 10-11597-RGS, 2014 WL 4261406, at *2 (D. Mass. Aug. 27, 2014) (expert report statements contradicting deposition testimony does not create a material question of fact); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."); *Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355, 1362 (Fed. Cir. 2010) (upholding a district court's ruling striking an expert declaration that conflicted with deposition testimony).

Dr. Jones cites to the exhibits of his report for "[a]dditional supporting evidence" (Weiss Decl. Ex. E at 276, ¶128, 235, ¶10), but these exhibits contain no such support. His Fortezza Specifications exhibits (which are duplicates of the attorney-generated charts attached to Defendants' Joint Invalidity Contentions[7]) do not address the purported APA, let alone Dr. Jones' proposed combination of the Fortezza Specifications and APA at all. Weiss Decl. Ex. H at 73-82; Weiss Decl. Ex. I at 88-100; Weiss Decl. Ex. J at 89-94. While the USB 1.0 and APA chart does address APA, it contains no analysis of how the cited evidence purportedly discloses the "means for mediating" limitation as construed by the Court. Weiss Decl. Ex. DD at 23-25. Even if the exhibits did contain analysis as to Dr. Jones' proposed

[7] Dr. Jones admits that his exhibits are the charts from the invalidity contentions. *See* Weiss Decl. Ex. B at 22:11-23:7. Dr. Jones does not recall having any input into the drafting of these exhibits. *Id.* at 33:24-34:16.

190808 MEM P&A Partial MSJ No Invalidity.docx

13

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

combination, Dr. Jones admitted at deposition that he did not adopt any analysis contained in his exhibits. Weiss Decl. Ex. B at 23:24-24:12 (testifying that his exhibits were included as a listing of evidence and that he does not "adopt everything in there"), 32:19-22 (testifying that he did not adopt the analysis in the exhibits); 35:3-8 (same). The exhibits do not support Dr. Jones' opinion.

Apricorn might cite to an earlier portion of Dr. Jones' report where he opines that the three-reference combination of the Fortezza Specifications, APA and Compact Flash disclose the interface control device 910. Weiss Decl. Ex. E at 255, ¶63. This argument fails, however, because the paragraph does not provide evidence showing that the proposed combination discloses any element of interface control device 910, let alone the entire corresponding structure or its equivalent. Dr. Jones does not identify, for example, where any of these references disclose an I/O controller, Command Detector, State Controller, Card Enable Decoder, or any of the other components of interface control device 910. Apricorn cannot therefore show by clear and convincing evidence that the Asserted Claims are obvious in light of the Fortezza Specifications and APA.

**(2) Dr. Clark's Opinion Cannot Establish Obviousness Because He Ignored The Court's Construction Of The "Means For Mediating" Limitation**

Dr. Clark's opinions also do not support an obviousness argument by clear and convincing evidence. His opinions fail for the same reason that his anticipation opinions fail: Dr. Clark admitted repeatedly that he ignored the Court's construction while rendering his opinion. *E.g.*, Weiss Decl. Ex. A at 198:13-18 ("[I]n conducting your analysis, you did not require all of the components as depicted in [Figure 9B] to determine if [the means for mediating limitation] was met? [Dr. Clark]: There's no need to."). As a result of Dr. Clark's admission that his analysis was deficient, Defendants cannot provide a sufficient explanation as to how any of Dr. Clark's

190808 MEM P&A Partial MSJ No Invalidity.docx
14
PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

proposed combinations would disclose the corresponding structure of the means for mediating limitation – an interface control device 910 or its equivalent. Weiss Decl. Ex. C at pages 47-48, 60-61, 73-74, 86-87, 100-101, 113-14, 127-28 (concluding, without explanation or analysis, that all of his cited references could render this limitation obvious in light of the knowledge of one of skill in the art or one of his "state of the art" references). Dr. Clark's reference to his "state of the art" section (Weiss Decl. Ex. C at ¶¶87-89) does not improve this disclosure because Dr. Clark again failed to apply the Court's claim construction in his analysis. Moreover, his "state of the art" section, at best, only addresses the function required by the Court's claim construction, but contains no analysis as to how any of the cited references disclose the required corresponding structure of interface control device 910 or its equivalent (either alone or in Dr. Clark's proposed combinations). Weiss Decl. Ex. C at ¶¶87-89.

Accordingly, as a result of Dr. Jones' and Dr. Clark's admissions and lack of evidence, Defendants cannot show by clear and convincing evidence that the Asserted Claims are obvious, and SPEX is entitled to partial summary judgment.

**2. Alternatively, SPEX Is Entitled To Partial Summary Judgment Of No Invalidity Because What Dr. Clark Labels The "Fortezza Card" and "Lynks Card" Are Actually Different Products or Versions, From Different Companies, From Different Times, That Are Constructed And Operated Differently, And Thus Are Not Single Prior Art References**

Anticipation requires that all of the elements of a claim be found in a single prior art reference as arranged in the claim. *E.g.*, *Microsoft Corp. v. Biscotti, Inc.*, 878 F.3d 1052, 1069 (Fed. Cir. 2017); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 726 F.2d 724, 726–27 (Fed. Cir. 1984) ("It is hornbook law that anticipation must be found in a single reference, device, or process."). It is not proper to combine multiple products, or even distinct disclosures within a single

190808 MEM P&A Partial MSJ No Invalidity.docx
15
PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

publication, into a single "reference" to argue anticipation. *E.g.*, *Microsoft*, 878 F.3d at 1069 (the Board "correctly stated that anticipation is not proven by multiple, distinct teachings that the artisan might somehow combine to achieve the claimed invention" (internal quotation marks removed)); *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008) (reversing a district court finding of anticipation because it was improper to combine elements from two different protocol even though they were disclosed in the same reference); *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1351 (Fed. Cir. 2008) (rejecting the use of multiple documents related to a standard because "[t]he different specifications that comprise the GSM standard were authored by different subsets of authors at different times").

Yet, this is precisely what Dr. Clark does in rendering his opinions regarding the Fortezza Card Products. There are multiple versions of products from Spyrus and others that bear the "Fortezza" brand name. For example, one version of the Fortezza card had a MYK-82 security chip. Weiss Decl. Ex. K at 42:4-13. Another version of the Fortezza card featured a MYK-80 security chip along with other different hardware, software, and firmware features. *Id.* The differences include, for example, the addition of a computer interface on the MYK-82 chip. Weiss Decl. Ex. K at 73:22-74:3. There also was a product called Fortezza Plus (also known as KOV-12), which is a product that was not produced by Spyrus and was a completely different product designed for a different market (the protection of classified information, as opposed to the protection of unclassified information to which the Spyrus Fortezza cards were designed). Weiss Decl. Ex. L at 84:13-24, 151:23-152:13, 157:16-157:25; Weiss Decl. Ex. M at 119:21-120:7. There was also a proposal called the Fortezza Multi-Function Card, which was proposed by Spyrus

RUSS, AUGUST & KABAT

190808 MEM P&A Partial MSJ No Invalidity.docx 16

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY**

as an evolution of the Fortezza card.[8] *E.g.*, Weiss Decl. Ex. O at SPEX00008773 (a July 1996 Statement of Work indicating, in the future tense, that Spyrus was to "design, develop, fabricate, test and deliver a Fortezza Multi-Function Package"). Indeed, Dr. Clark even acknowledges that the various Fortezza-branded products have different hardware and features when he notes that "at least certain versions of this processor" purportedly disclose claim element 1[a]. Weiss Decl. Ex. C at 58.

Dr. Clark groups each of these disparate and different products, and in one instance, aspirational proposal, under his "Fortezza card" moniker. Dr. Clark includes at least the Fortezza Crypto Card, Fortezza Plus, Fortezza KOV-8, Fortezza KOV-12, Fortezza KOV-14, Fortezza Mosaic, and Fortezza Multi-Function Package proposal in his "Fortezza card" moniker. *E.g.*, Weiss Decl. Ex. N at 1-3, n.1; Weiss Decl. Ex. A at 203:20-206:17.[9] It appears that as long as "Fortezza" was included in the name of the project, Dr. Clark lumped it into what he called the "Fortezza card." This is improper as each product/proposal had different hardware, software, and firmware, and did not all work the same. And the Fortezza Multi-Function Card was a proposed (not-yet-existing) evolution of an existing Fortezza card, not a Fortezza card itself.

---

[8] Although Defendants identify the proposal as prior art, Defendants can point to no evidence of what the Fortezza Multi-Function Card disclosed prior to June 4, 1996, which is the critical date for such prior art given the June 4, 1997 priority date on the face of the patent-in-suit. The only evidence cited by Defendants is dated after the June 4, 1996 critical date. The Fortezza Multi-Function Card was a proposal for a product that Spyrus wanted to develop in the future, not an existing product. Weiss Decl. Ex. O (a letter dated August 1, 1996 attaching a July 19, 1996 Statement of Work); Weiss Decl. Ex. P (a collection of documents dated September 27, 1996); Weiss Decl. Ex. Q (a letter and attachment dated September 24, 1996). Not only was the proposal merely aspirational, but documentation relating to it is dated ***after*** the critical date.

[9] Although Dr. Jones also includes evidence related to non-Fortezza Specifications products in his attorney-drafted exhibits (*e.g.*, Weiss Decl. Ex. J at 1-3), Dr. Jones at deposition testified that he was not in fact relying on this evidence when rendering his opinion. Weiss Decl. Ex. B at 25:17-26:3.

190808 MEM P&A Partial MSJ No Invalidity.docx

17

**PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY**

RUSS, AUGUST & KABAT

WD and Toshiba cannot meet their burden to establish that multiple Fortezza-branded products are a single anticipation reference. As described above, they are different products with different features. The only justification apparently put forth by Dr. Clark in his opinion is that the "***various version*** [sic] of the Fortezza Card [were manufactured] according to ***various specifications*** set out by DOD." Weiss Decl. Ex. N at 3 n.1 (emphasis added). Dr. Clark's opinion is nothing more than his conclusion without analysis or support. Indeed, it does not even identify a common specification the products were supposedly manufactured towards. Further, even if Dr. Clark's conclusory opinion were supported, it would be irrelevant to this analysis. Products manufactured to comply with a certain standard are still different products. For example, it would not be appropriate to combine an Apple iPhone and an Apple wireless mouse into a single reference just because they are manufactured for Apple and comply with the Bluetooth standard.[10] Because Dr. Clark fails to identify the actual single purported device he opines is the invalidating Fortezza card, SPEX is entitled to summary judgment of no invalidity as to any arguments related to Dr. Clark's Fortezza Card Products.

Dr. Clark engages in the same conflation with the Lynks card. There were multiple version of the Lynks card, including an original Lynks Privacy Card, International Lynks Privacy Card, EES Lynks Privacy Card, and Lynks-NT Crypto Card. Weiss Decl. Ex. R at 1 (referencing documents from these various products).

---

[10] WD and Toshiba may argue that, even if the Fortezza card moniker was not appropriate for anticipation, the various products could form the basis for an obviousness argument. Dr. Clark did not, however, render this opinion. Weiss Decl. Ex. C at ¶124 (opining that "Fortezza Card anticipates" the Asserted Claims). Dr. Clark, for example, does not identify which specific Fortezza-branded products purportedly render the Asserted Claims obvious, how those products would be combined, and why a person of ordinary skill in the art would be motivated to make such a combination. *See, e.g.*, *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 415-19 (2007) (describing the proof necessary to substantiate an obviousness defense).

190808 MEM P&A Partial MSJ No Invalidity.docx

18

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

Each of these cards had different hardware, software, and firmware configurations. Like the Fortezza card, Dr. Clark acknowledges that different versions of the different Lynks-branded products had different hardware and features. Weiss Decl. Ex. C at 45 ("at least certain versions of this processor" infringe). Dr. Clark, however, cites documents from all of these versions of the Lynks card as if they are describing the same device. Weiss Decl. Ex. R at 1. Again, it appears that as long as the document refers to the Lynks brand, Dr. Clark included it in his "Lynks card" moniker without explanation or analysis.[11] Because Dr. Clark fails to identify the actual device he opines is the invalidating Lynks card, SPEX is entitled to summary judgment as to the Lynks card moniker arguments as well. *See Microsoft*, 878 F.3d at 1069; *Net MoneyIN*, 545 F.3d at 1371; *Studiengesellschaft*, 726 F.2d at 726–27; *Kyocera*, 545 F.3d at 1351.

SPEX is entitled to partial summary judgment of no anticipation by the Fortezza-branded and Lynks-branded prior art because Defendants have failed to identify any single Fortezza card or Lynks card reference that meets every element of the Asserted Claims.

### B. Defendants Cannot Show By Clear And Convincing Evidence That The Asserted Claims Are Invalid Due to Derivation, Public Use Or On-Sale Bar

In addition to anticipation and obviousness, Dr. Clark opines that the Asserted Claims are invalid due to derivation, and Dr. Jones opines that the Asserted Claims are invalid due to public use and on-sale bar. Weiss Decl. Ex. C at ¶¶135-139; Weiss

---

[11] As with the Fortezza card, if Defendants argue that multiple Lynks products could render the Asserted Claims obvious, this is not the opinion rendered by Dr. Clark and there is not sufficient evidence in the record to support such an opinion. Weiss Decl. Ex. C at ¶123 ("It is my opinion that the Lynks Card anticipates" the Asserted Claims); *KSR*, 550 U.S. at 415-19 (describing the proof necessary to substantiate an obviousness defense).

190808 MEM P&A Partial MSJ No Invalidity.docx 19

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

Decl. Ex. E at 293, ¶¶188-89.[12] Derivation, on-sale bar and public use are arguments that arise under sections (f) and (b) of the pre-AIA version of 35 U.S.C. § 102. These doctrines require a showing of the ***complete*** conception of the invention by a single purported prior art reference. *E.g.*, *Cumberland Pharm. Inc. v. Mylan Institutional LLC*, 846 F.3d 1213, 1218 (Fed. Cir. 2017) (derivation requires prior conception and communication of the conception); *Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 66-67 (1998) (as to 35 U.S.C. § 102(b), the Supreme Court noted that the "word 'invention' must refer to a concept that is complete"). Indeed, each of Dr. Clark's and Dr. Jones' opinions depend on the assertion that the Fortezza Card Products or Fortezza Specifications anticipate the Asserted Claims. Weiss Decl. Ex. C at ¶135 (Dr. Clark opining that the "the Fortezza system and associated references constituted a complete conception of the elements of the Asserted Claims (under Plaintiff's apparent claim interpretations)"); Weiss Decl. Ex. E at 293, ¶¶188-89 (Dr. Jones opining that the Fortezza Specifications form the basis for his on-sale bar and public use opinions). As described above, Defendants cannot show by clear and convincing evidence that the Fortezza Card Products or the Fortezza Specifications disclose the limitations of the Asserted Claims. Dr. Clark admits that he did not apply the Court's claim construction as to the "means for mediating" limitation, and Dr. Jones admits that the Fortezza Specifications do not anticipate the Asserted Claims. *E.g.*, Weiss Decl. Ex. A at 198:13-18 (Dr. Clark testifying that he did not use the construction of the "means for mediating" limitation when rendering his opinion); Weiss Decl. Ex. E at 255, ¶63 (Dr. Jones admitting that interface control device 910 is not disclosed by the Fortezza Specifications); Weiss Decl. Ex. B at 12:6-15 (admitting that he has no anticipation opinions). Further, Dr. Clark relies on a compilation of documents

---

[12] Dr. Jones also opined as to derivation. *E.g.*, Weiss Decl. Ex. E at 294. But at deposition, Dr. Jones indicated that his derivation opinion was limited to claims no longer asserted (claims 55 and 58 of the '135 patent, and claim 38 of the '802 patent). Weiss Decl. Ex. B at 120:24-121:17, 122:19-123:9. To the extent Dr. Jones might try to expand his opinion to the Asserted Claims, SPEX's motion would apply.

190808 MEM P&A Partial MSJ No Invalidity.docx

20

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

describing multiple versions of Fortezza-branded products that does not show a complete conception of a single product required for derivation, public use, and on-sale bar. Accordingly, because Defendants cannot show that any single Fortezza reference is a complete conception of the invention, SPEX is entitled to summary judgment as to Defendants' derivation,[13] on-sale bar and public use invalidity arguments.

### C. Defendants' Written Description Argument Fails As A Matter Of Law

Dr. Clark, on behalf of Defendants, opines that the patent-in-suit does not sufficiently describe "an integrated and inter-related design," such as the system on a chip used by some of the infringing devices, and therefore fails the written description requirement. Weiss Decl. Ex. C at ¶¶133-34. In other words, Dr. Clark opines that the written description requirement of 35 U.S.C. § 112(a) requires that the patent-in-suit describe the infringing products. This is not the law. Written description requires that the patent illustrate that the inventors were in possession of the claimed invention, not the infringing invention. *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc) ("the test for sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had ***possession*** of the ***claimed subject matter*** as of the filing date" (emphasis added)). Dr. Clark's analysis, Defendants' only evidence on written description therefore applies the wrong legal standard.

[13] As to derivation, derivation requires a showing that the claimed invention was invented by someone else, and then given whole to the named inventors on the patent. *Cumberland*, 846 F.3d at 1217-18. Although outside the scope of this brief, there is also significant evidence that Spyrus (the original owner of the patent-in-suit) was actually heavily involved in the Fortezza development. No Fortezza-branded product was provided in its complete form to Spyrus as is required by the derivation doctrine.

190808 MEM P&A Partial MSJ No Invalidity.docx

21

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

Further, Defendants' argument must be rejected because Defendants have failed to identify which claim elements of the Asserted Claims are purportedly not described in the specification of the patent-in-suit. Dr. Clark instead opines broadly that a system on a chip is not described by the specification. Neither Dr. Clark nor Defendants have presented evidence or argument as to how a system on a chip is required by (or excluded by) the Asserted Claims. Defendants' argument is therefore nothing more than a red herring that would confuse the jury, to the prejudice of SPEX, should it be presented at trial. *See, e.g.*, *N. Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 945 (Fed. Cir. 1990) ("The addition of features does not avoid infringement, if all the elements of the patent claims have been adopted.").

Accordingly, after Dr. Clark's opinion is excluded as irrelevant, Defendants have no other evidence to support their argument, and SPEX is entitled to summary judgment as to written description.

## VI. CONCLUSION

SPEX is entitled to summary judgment of no invalidity as to claims 1, 2, 11 and 12 of the '802 patent because, as Defendants' experts themselves admitted, none of the purported prior art discloses the "means for mediating" claim limitation as construed by the Court. SPEX is also entitled to summary judgment as to Defendants' on-sale bar, public use, derivation and written description defenses because there is no evidence supporting these arguments.

Respectfully submitted,

DATED: August 8, 2019

RUSS, AUGUST & KABAT

*/s/ Marc A. Fenster*
Marc A. Fenster

RUSS, AUGUST & KABAT
Marc A. Fenster, SBN 181067
mfenster@raklaw.com
Ben Wang, SBN 228712

190808 MEM P&A Partial MSJ No Invalidity.docx
22
PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY

RUSS, AUGUST & KABAT

bwang@raklaw.com
Andrew D. Weiss, SBN 232974
aweiss@raklaw.com
Paul A. Kroeger, SBN 229074
pkroeger@raklaw.com
Adam S. Hoffman, SBN 218740
ahoffman@raklaw.com
Jacob R. Buczko, SBN 269408
jbuczko@raklaw.com
Justin Maio, SBN 304428
jmaio@raklaw.com
12424 Wilshire Boulevard
Twelfth Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

**Attorneys for Plaintiff**
**SPEX TECHNOLOGIES, INC.**

RUSS, AUGUST & KABAT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on August 8, 2019. As such, this document was served on all counsel who have consented to electronic service.

*/s/ Marc A. Fenster*
Marc A. Fenster

RUSS, AUGUST & KABAT

190808 MEM P&A Partial MSJ No Invalidity.docx

24

PLAINTIFF SPEX'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO INVALIDITY