## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |
| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn | | |

Present: The Honorable    **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] Order re Pending Summary Judgment Motions**

Plaintiff SPEX Technologies, Inc. ("SPEX" or "Plaintiff") has sued (i) Defendants Toshiba America Electronic Components Inc., Toshiba America Information Systems, Inc., Toshiba America, Inc., and Toshiba Corporation (collectively, "Toshiba"); (ii) Western Digital Corporation, Western Digital Technologies, Inc., and HGST, Inc., (collectively, "WD"); and (iii) Apricorn (together with Toshiba and WD, "Defendants") for patent infringement.[1] Case No. SACV 16-01799 JVS (AGRx) ("WD Case"), Docket No. 1; Case No. SACV 16-01800 JVS (AGRx) ("Toshiba Case"), Docket No. 1; Case No. LACV 16-07349 JVS (AGRx) ("Apricorn Case"), Docket No. 1.[2]

The following motions are currently pending in these cases:

- Apricorn's Motion for Summary Judgment of Noninfringement. Docket No. 105. See also SPEX Opp'n to Apricorn Mtn, Docket Nos. 123 (redacted), 122-1 (sealed); Apricorn's Reply to Apricorn Mtn, Docket No. 127.

---

[1] SPEX has also filed a pending patent infringement action against Kingston Technology Corp. et al, which is also before this Court. See SPEX Tech., Inc. v. Kingston Tech. Corp. et al, SACV 16-01790 JVS (AGRx) (Sept. 27, 2016).

[2] All docket citations are to the Apricorn Case unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |

Title     SPEX Tech., Inc. v. Western Digital Corp. et al;
          SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;
          SPEX Tech., Inc. v. Apricorn

- WD's Motion for Summary Judgment of Noninfringement. <u>WD Case</u>, Docket No. 107 (redacted), 114 (sealed). <u>See also</u> SPEX Opp'n to WD Mtn, <u>WD Case</u>, Docket No. 124; WD's Reply to WD Mtn, <u>WD Case</u>, Docket No. 129-1 (redacted), 137 (sealed).

- SPEX's Motion for Partial Summary Judgment of No Invalidity. Docket No. 103; <u>WD Case</u>, Docket No. 111; <u>Toshiba Case</u>, Docket No. 111.[3] <u>See also</u> Apricorn Opp'n re Invalidity, Docket No. 116, SPEX Reply to Apricorn re Invalidity, Docket No. 128; WD and Toshiba Opp'n re Invalidity, <u>WD Case</u>, Docket No. 120; SPEX Reply to WD and Toshiba re Invalidity, <u>WD Case</u>, Docket No. 132.[4]

- SPEX's Motion for Partial Summary Judgment of No Invalidity Pursuant to Section 315 Estoppel. Docket No. 100; <u>WD Case</u>, Docket No. 108; <u>Toshiba Case</u>, Docket No. 108.[5] <u>See also</u> Apricorn Opp'n re Estoppel, Docket No. 114; WD and Toshiba Opp'n re Estoppel, <u>WD Case</u>, Docket No. 119; SPEX Reply re Estoppel, Docket No. 129.[6]

The Court rules on these motions as follows:

- Apricorn's Summary Judgment Motion (LACV 16-7349, Docket No. 105) is **DENIED-IN-PART** and **DEFERRED-IN-PART**. The parties agreed to a supplemental claim construction briefing schedule at the hearing on the

---

[3] SPEX filed the same motion in all three cases, as indicated by its listing all three cases in the case caption at the beginning of each copy of the motion.

[4] Copies of the same opposition and same reply relevant to WD and Toshiba were also filed in the <u>Toshiba Case</u>.

[5] SPEX filed the same motion in all three cases.

[6] Copies of the same opposition relevant to WD and Toshiba were also filed in the <u>Toshiba Case</u>. Copies of the same reply were filed in all three cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |

| | |
|---|---|
| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |

motions, and a determination regarding the portions of Apricorn's motion relating to claim construction disputes will be decided after those briefs are received and reviewed.

- WD's Summary Judgment Motion (SACV 16-1799, Docket No. 107) is **GRANTED**.
- SPEX's Summary Judgment Motion of No Invalidity is **GRANTED** (SACV 16-1799, Docket No. 111; SACV 16-1800, Docket No. 111; LACV 16-7349, Docket No. 103).
- SPEX's Summary Judgment Motion of No Invalidity Pursuant to Section 315 Estoppel is **DENIED AS MOOT** (SACV 16-1799, Docket No. 108; SACV 16-1800, Docket No. 108; LACV 16-7349, Docket No. 100).

## I. BACKGROUND

SPEX currently asserts Claims 1, 2, 11, and 12 ("Asserted Claims") of U.S. Patent No. 6,088,802 ("the '802 Patent") against Defendants. See, e.g. Docket No. 83 (Court granting parties' stipulation of dismissal with prejudice of claims of infringement, invalidity, and unenforceability related to U.S. Patent No. 6,003,135); See also SPEX Invalidity Mtn, Docket No. 103 at 1.

The '802 Patent is titled "Peripheral Device with Integrated Security Functionality" and issued on July 11, 2000. The '802 Patent relates to devices that can communicate with host computing devices to provide various operations, including security operations. See '802 Patent at Abstract. The Asserted Claims recite:

1.   A peripheral device, comprising:
     security means for enabling one or more security operations to be
         performed on data;
     target means for enabling a defined interaction with a host computing
         device;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |
|----------|-----------------------------------|------|-------------------|

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |
|-------|------|

means for enabling communication between the security means and
the target means;
means for enabling communication with a host computing device;
means for operably connecting the security means and/or the target
means to the host computing device in response to an
instruction from the host computing device; and
means for mediating communication of data between the host
computing device and the target means so that the
communicated data must first pass through the security means.

2. A peripheral device as in claim 1, wherein the target means comprises
means for non-volatilely storing data.

11. A peripheral device, comprising:
security means for enabling one or more security operations to be
performed on data;
target means for enabling a defined interaction with a host computing
device;
means for enabling communication between the security means and
the target means;
means for enabling communication with a host computing device; and
means for mediating communication of data between the host
computing device and the target means so that the
communicated data must first pass through the security means.

12. A peripheral device as in claim 11, wherein the target means
comprises means for non-volatilely storing data.

'802 Patent, Claims 1, 2, 11, 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |
|---|---|

During claim construction, the parties presented a dispute regarding whether the "means for mediating" term was definite. See generally, Claim Construction Order, Docket No. 62 at 31–38. The term was construed as:

> Subject to 35 U.S.C. § 112(6)
> Recited Function: mediating communication of data between the host computing device and the target means so that the communicated data must first pass through the security means
> Corresponding Structures:
> Interface control device 910 (as shown in Fig. 9B).

In reaching this determination, the Court stated, *inter alia*,

> . . . Figure 9B provides particularized disclosure of component parts, i.e. structure, for interface control device 901. Unlike the general disclosure of an FPGA [("Field Programmable Gate Array")] as requiring programming to perform its intended function, Figure 9B sets out detailed information about interface control device 901 . . . . [A] person of skill in the art has significant additional details about the interactions between the component parts of the interface control device 910 with corresponding structure as a result of Figure 9B itself. Given the specific details provided in this disclosure, Defendants have not proven by clear and convincing evidence that the structure of interface control device 901 is inadequately disclosed by the patent specification.

Claim Construction Order, Docket No. 62 at 37.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| | |
|---|---|
| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

Figure 9B shows:



FIG. 9B

'802 Patent, Fig. 9B.

Around the same time that a claim construction order was issued in the case, Defendants filed <u>inter partes</u> review ("IPR") petitions against the asserted patents. The Court granted Defendants' motion to stay pending IPR proceedings. Docket No. 75. The Asserted Claims were found not unpatentable by the Patent Trial and Appeal Board. The stay was subsequently lifted, a schedule was reinstated, and the parties filed the motions considered by this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

## II. LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is appropriate where the record, read in the light most favorable to the nonmovant,[7] indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)[8]; see also MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1373 (Fed. Cir. 2005). The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. Id.; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–24 (1986). If, and only if, the moving party meets its burden, then the non-moving party must produce specific evidence to rebut the moving party's claim and create a genuine dispute of material fact. MEMC, 420 F.3d at 1373; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If the non-moving party meets this burden, then the motion will be denied. See generally Bose Corp. v. JBL, Inc., 274 F.3d 1354, 1360 (Fed. Cir. 2001).

### B.    Patent Infringement

"Summary judgment of non-infringement requires a two-step analytical approach. First, the claims of the patent must be construed to determine their scope." Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1304 (Fed. Cir. 1999). This is a question of law. Id. Second, following claim construction, the fact finder compares the

---

[7] "In determining any motion for summary judgment or partial summary judgment, the Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." L.R. 56-3.

[8] Rule 56 was amended in 2010. Subdivision (a), as amended, "carries forward the summary judgment standard expressed in former subdivision (c), changing only one word — genuine 'issue' becomes genuine 'dispute.'" Fed. R. Civ. P. 56, Notes of Advisory Committee on 2010 amendments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |
|---|---|

construed claims to the accused device or process. Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 812 (Fed. Cir. 2002). "To prove infringement, the patentee must show that the accused device meets each claim limitation either literally or under the doctrine of equivalents." Id. "Literal infringement requires the patentee to prove that the accused device contains each limitation of the asserted claim. Infringement under the doctrine of equivalents requires the patentee to prove that the accused device contains an equivalent for each limitation not literally satisfied." Id. (internal citations omitted).

"Summary judgment of non-infringement is appropriate where the patent owner's proof is deficient in meeting an essential part of the legal standard for infringement, since such failure will render all other facts immaterial." Telemac Cellular Corp. v. Topp Telecom, Inc., 247 F.3d 1316, 1323 (Fed. Cir. 2001) (internal citations omitted). "A patentee ordinarily bears the burden of proving infringement." Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 846 (2014).

## C.    Patent Invalidity

To obtain summary judgment of invalidity, a moving party must overcome the statutory presumption of 35 U.S.C. § 282 that issued patent claims are valid. Section 282 mandates that "[a] patent shall be presumed valid" and that "[t]he burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity." 35 U.S.C. § 282. A party seeking to overcome the statutory presumption and establish the invalidity of an issued patent claim must prove the invalidity by clear and convincing evidence. Microsoft Corp. v. I4I Ltd. P'ship, 564 U.S. 91, 112 (2011).

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
| --- | --- | --- | --- |
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
| --- | --- |
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

# III. ANALYSIS

## A.    "Means for Mediating"

Many of the parties' summary judgment disputes relate to the "means for mediating" term. Apricorn and WD argue that SPEX has failed to show that their accused products meet this claim limitation. SPEX argues that all Defendants have failed to show that their proffered prior art disclosed this limitation.

The Federal Circuit has explained:

It is firmly established in our precedent that a structural analysis is required when means-plus-function limitations are at issue; a functional analysis alone will not suffice. See, e.g., CytoLogix Corp. v. Ventana Med. Sys., 424 F.3d 1168, 1178 (Fed. Cir. 2005) ("To establish infringement under § 112, ¶ 6, it is insufficient for the patent holder to present testimony 'based only on a functional, not a structural, analysis.'" (quoting Alpex Computer Corp. v. Nintendo Co., 102 F.3d 1214, 1222 (Fed. Cir. 1996))). Just as a patentee who seeks to prove infringement must provide a structural analysis by demonstrating that the accused device has the identified corresponding structure or an equivalent structure, a challenger who seeks to demonstrate that a means-plus-function limitation was present in the prior art must prove that the corresponding structure—or an equivalent—was present in the prior art. See In re Donaldson Co., 16 F.3d 1189, 1193 (Fed. Cir. 1994) (en banc) ("[W]e hold that paragraph six applies regardless of the context in which the interpretation of means-plus-function language arises, i.e., whether as part of a patentability determination in the PTO or as part of a validity or infringement determination in a court."); see also McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1361 (Fed.Cir.2001) (Michel, J., dissenting) ("Of course, in the context of a means-plus-function claim, the invalidating prior art must disclose not simply a means for achieving the desired

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |
|---|---|

function, but rather the particular structure recited in the written description corresponding to that function, or an equivalent thereof.").

Fresenius USA, Inc. v. Baxter Int'l, Inc., 582 F.3d 1288, 1299 (Fed. Cir. 2009).

"Means for mediating" was construed to have a narrow meaning, including as requiring the structure reflected in Figure 9B of the '802 Patent. The parties' arguments regarding whether they have shown that the "means for mediating" limitation is present in the accused products or the prior art are addressed in turn.

1.    WD's Motion for Noninfringement[9]

WD argues that its accused products do not include the structure shown in Figure 9B or its equivalent. WD argues that "SPEX relies on physically and functionally separate elements scattered throughout a complex SoC [("system on a chip")] (or bridge circuit connected to an SoC), while ignoring intermediary functional blocks with which the separate elements interact." WD Mtn., Docket No. 114 at 14. WD presents a high-level diagram of one of the accused products and uses arrows to identify two portions of the accused SoC separated by other functional components. Id. at 15 (sealed). WD argues that each portion includes some of the components that SPEX argues meet the "means for mediating" limitation. WD states,

> SPEX's approach to the "means for mediating" limitation is analogous to having an MPF [("means plus function")] claim term, disclosing a bicycle as corresponding structure, and then asserting that the MPF term covers an airplane because (i) both can be used to transport a person from one point to another; and (ii) an airplane, like a bicycle, has wheels, a metal frame, a seat,

---

[9] All docket citations only in this subsection of the Order are to the WD Case unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

and a steering mechanism. SPEX cannot create a genuine issue of disputed fact with such an approach.

Id. at 17.

SPEX argues that it has presented sufficient evidence to support both literal infringement and infringement under the doctrine of equivalents. SPEX refers to the opinions of its expert, Rhyne, who opines that WD's accused products include many of the same components as those shown in Figure 9B or components that perform equivalent functions to those shown in Figure 9B. See, e.g. id. at 18 (citing Expert Report of Dr. V. Thomas Rhyne re Infringement ("Rhyne Report"), Docket No. 124-3 ¶¶ 835–39). SPEX also states, "the mere fact that WD's accused products contain components in addition to an Interface Control Device 910 is not a defense to infringement." Id. at 19.

At the hearing, SPEX further explained its infringement theories as to WD's accused products. It presented technical diagrams of WD's accused products that had been produced by WD, but annotated by SPEX using different colors.[10] SPEX's explanation at the hearing supported the contention that SPEX was not identifying a single, collective structure like the Interface Control Device 910 that mediates between the three PCMCIA, Compact Flash, and Crypto Processor Interfaces to satisfy the "means for mediating" limitation. Instead, SPEX's infringement theory for the "means for mediating" limitation relies on sandwiching the component in the accused products it identifies as the crypo processor interface (the "security means") between USB components equivalent to the PCMCIA components of Interface Control Device 910 on one side, and Compact Flash components similar to the ones of Interface Control Device 910 on the other side. In other words, the components in the accused products that SPEX

---

[10] WD has objected to SPEX's reliance on these annotated images to support its infringement position. Docket No. 153. The annotated versions of the figures do appear in Rhyne's expert report. See generally, Rhyne Report. Given the determination reached in this Order, WD's objections are **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |

identifies as equivalent to Interface Control Device 910, which in the patent are part of a collective, overall structure that interacts with the Crypto Processor Interface as well as two other interfaces, instead form two collections of structures that each has a different relationship (including in location and function) to the accused products' crypto processor interface (as well as the other two interfaces).

The Federal Circuit has explained, "[s]tructural equivalence under § 112, ¶ 6 is met only if the differences are insubstantial; that is, if the assertedly equivalent structure performs the claimed function in substantially the same way to achieve substantially the same result as the corresponding structure described in the specification." Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1267 (Fed. Cir. 1999) (citations omitted). It further stated,

> The similar analysis of equivalents under § 112, ¶ 6 and the doctrine of equivalents does not, however, lead to the conclusion that . . . a component-by-component analysis of structural equivalence under § 112, ¶ 6 [is required]. It is of course axiomatic that "[e]ach element contained in a patent claim is deemed material to determining the scope of the patented invention." [Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997)] . . . . The individual components, if any, of an overall structure that corresponds to the claimed function are not claim limitations. Rather, the claim limitation is the overall structure corresponding to the claimed function. This is why structures with different numbers of parts may still be equivalent under § 112, ¶ 6, thereby meeting the claim limitation . . . . Further deconstruction or parsing is incorrect.

Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1267–68 (Fed. Cir. 1999) (emphasis added).

Here, no reasonable jury could conclude that the distinct portions of WD's accused products, separated by the alleged crypto processor interface, that SPEX

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

identifies as collectively meeting the "means for mediating" limitation are equivalent to
the Interface Control Device 910 shown in Figure 9B. Permitting SPEX to proceed in
arguing such a position under either literal or doctrine of equivalents theories of
infringement would impermissibly stretch the reach of the "means for mediating"
limitation as construed.  As WD observes, SPEX's position does not rely on comparing
an overall structure in the accused products to the structure of the Interface Control
Device 910. Picking and choosing smaller component pieces in a much larger, complex
accused product to satisfy this limitation, including component pieces with different
relationships to the alleged interfaces that the Interface Control Device 910 mediates
between, would effectively obviate the "means for mediating" limitation as construed
altogether.

Because SPEX has failed to show that WD's accused products include a literal or
equivalent structure to match the structure of the "means for mediating" term, SPEX
cannot prove infringement of the Asserted Claims. WD's summary judgment motion is
**GRANTED** on this basis. The other arguments for noninfringement submitted by WD
need not be addressed.

2.    Apricorn's Motion for Noninfringement

Apricorn also argues that its accused products do not meet the "means for
mediating" limitation. Instead of taking the same higher-level approach as WD,
Apricorn homes in on specific aspects of the Interface Control Device 910 that it argues
are missing from its accused products. Apricorn argues, for instance, that SPEX has
failed to show that Apricorn's accused products include a LOCAL DATA line
connecting an equivalent of the Config Registers 911 to certain other components,
including the Crypto Processor Interface. Apricorn Reply to Apricorn Mtn, Docket No.
127 at 4–5. Apricorn also faults SPEX's expert as allegedly failing to disclose a
structural equivalent in the accused products compared to the PCMCIA components
shown in Interface Control Device 910. Id. at 7–9. Finally, Apricorn argues that no
structure has been identified in the accused products equivalent to the DATA line

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |

| | |
|---|---|
| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |

connecting the PCMCIA buffer to the Crypto Processor Interface in Interface Control Device 910. Id. at 12–14.

As Odetics explained, this type of parsing or deconstruction for purposes of showing structural equivalence between an accused product and a means-plus-function term is not the appropriate way to conduct the analysis. Odetics, 185 F.3d at 1268. On the current record, Apricorn has not presented arguments to support that, under the proper analysis, SPEX has failed to identify an overall structure that infringes the "means for mediating" limitation as a matter of law.[11] Celotex, 477 U.S. at 322–24.

Apricorn also asserts that the function of the "means for mediating" term must be interpreted in a way that leads to noninfringement. The function of the "means for mediating" term is "mediating communication of data between the host computing device and the target means so that the communicated data must first pass through the security means." Specifically, Apricorn argues that the phrase "must first pass through" requires that data "does not pass through other elements outside of the means for mediating (910) before going to the security means through the crypto processor interface." Apricorn Mtn., Docket No. 105 at 18. In other words, Apricorn argues that the communicated data must "first" go through the security means "without going through other elements." Apricorn Reply, Docket No. 127 at 15 n.14. Apricorn's interpretation would impermissibly narrow the meaning of this claim phrase, which simply requires that data communicated from the host computing device to the target means must first pass through the security means before reaching the target means (and similarly, data communicated from the target means to the host computing device must first pass through the security means before reaching the host computing device). Because Apricorn's narrowed interpretation is rejected, Apricorn's noninfringement

---

[11] One of the parties' disputes is whether SPEX should be permitted to rely on its expert's opinions, made in the context of other claim limitations, that USB is equivalent to PCMCIA to support his opinions regarding the "means for mediating" limitation. See Apricorn Reply, Docket No. 127 at 7–9. Apricorn has not shown that SPEX's expert should be precluded from doing so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
|---|---|
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

argument as presented based on that interpretation is also insufficient to support a summary judgment finding.

Apricorn's noninfringement arguments related to the "means for mediating" limitation do not support a summary judgment determination on the current record. Apricorn's other noninfringement arguments relating to other claim limitations will be addressed in a separate section.

3.      SPEX's Motion for No Invalidity

SPEX argues that each of Defendants' invalidity theories based on prior art[12] must fail because Defendants' experts have not shown that the prior art discloses a "means for mediating" or its equivalent.

WD and Toshiba[13] acknowledge that to support their invalidity positions, their expert, Clark, is relying on his understanding of how SPEX has interpreted the "means for mediating" term for purposes of its infringement positions. See WD and Toshiba Opp'n to Invalidity Mtn, WD Case, Docket No. 120 at 1 ("Dr. Clark's invalidity report and deposition testimony . . . explain how the prior art teaches the claimed 'means for mediating' limitation *under at least SPEX's interpretation* of the Court's construction." (emphasis in original)). WD and Toshiba provide a list of components depicted in Figure

---

[12] SPEX also moves for summary judgment of no invalidity based on the lack of written description opinions presented by Defendants' expert, Clark. See SPEX Invalidity Mtn., Docket No. 103 at 21–22. That dispute is addressed in a later section of this Order.

[13] Apricorn does not defend Clark's invalidity opinions in its separately-filed opposition or otherwise signal through its opposition that it is joining WD and Toshiba in opposing SPEX's arguments regarding Clark's opinions, even though Clark originally purported to be presenting his opinions on behalf of all three groups of Defendants. See SPEX's Reply to Apricorn re Invalidity Mtn, Docket No. 128 at 7 (observing that Apricorn "did not join or incorporate by reference WD's and Toshiba's opposition to SPEX's Motion as to Dr. Clark."). Accordingly, Defendants and the arguments related to the opinions of their separate experts, Jones and Clark, are treated separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
|---|---|
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

9B and corresponding citations to testimony from Clark's deposition where, they argue, "Dr. Clark explained how the prior art discloses the following components." Id. at 6–7. However, as SPEX explains, WD and Toshiba's submitted list relies on testimony regarding scattered prior art rather than a single prior art system or even a defined combination of prior art to establish the existence of an overall "means for mediating" structure or equivalent. See SPEX Reply to WD and Toshiba re Invalidity Mtn, WD Case, Docket No. 132 at 7–8; see also WD and Toshiba Opp'n re Invalidity, WD Case, Docket No. 120 at 6–7 (citing Clark's deposition testimony regarding components found in Lynks and Fortezza prior art).

Apricorn, meanwhile, argues that its expert, Jones, has presented opinions irrespective of how SPEX may be interpreting the claim terms. See Apricorn Opp'n to Invalidity Mtn, Docket No. 116 at 6–7 (separately noting that SPEX's invalidity motion is "undermined even more" "[i]f the entire, specific structure of 'Interface control device 910 (as shown in Fig. 9B)' (or its equivalent), with components in the manner arranged in Figure 9B, is not required."). Apricorn states,

> For both combinations of prior art offered by Dr. Jones, Dr. Jones opined that the prior art discloses the known prior art components of Interface control device 910 (as shown in Fig. 9B), just not in the manner arranged in Figure 9B. That formed a basis for his opinions that the prior art as modified by combinations . . . render obvious the asserted claims of the '802 patent. According to the admissions in the '802 patent, such modifications of the known prior art components to implement Interface control device 910 (as shown in Fig. 9B) would be well-understood by those skilled in the art. ['802 Patent at 17:20–24, 17:47–51].

Apricorn Opp'n to Invalidity Mtn, Docket No. 116 at 5–6 (citations to expert report omitted). However, a review of Apricorn's cited excerpts of Jones' expert report show that Jones never opines how a person of skill in the art would understand the prior art,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
|---|---|
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

alone or in combination, to disclose Interface Control Device 910 or its equivalent. Jones instead opines, for instance,

> The structure "Interface control device 910 (as shown in Fig. 9B)" identified for "means for mediating . . ." is not present in the combination as stated. This is an interface designed for PCMCIA operation and CompactFlash operation. The combination, as described above, does not provide for CompactFlash operation and is not the same as or equivalent to the identified structure. It would have been obvious, however, to provide the capability to use a CompactFlash interface for removable flash memory. A POSITA would have done so as to avoid the multipurpose card becoming obsolete too quickly given the rapid rate at which memory density was improving or simply to allow use of cards in the newer, smaller CompactFlash standard. Evidence of such a motivation can be found, for example, in the articles described in the Fortezza overview section above that describe PCMCIA cards with removable devices including CompactFlash.

Expert Report of Dr. Mark Jones, Docket No. 118-13 at 255–56, ¶ 63. Even accepting Apricorn's broad assertion that interface control device 910 "uses standard components and standard technology" (Apricorn Opp'n to Invalidity Mtn, Docket No. 116 at 4), Jones does not establish in more than a conclusory fashion that "CompactFlash interfaces" including in combination with "PCMCIA cards" are always, or even sometimes, equivalent to the underline overall structure of interface control device 910.

Particularly where the Court has rejected SPEX's application of the "means for mediating" limitation to WD's accused products, WD and Toshiba have not shown that Clark has properly applied the construction of "means for mediating" in his review of the prior art. Scattered, unrelated components are found insufficient to show that the overall structure of Figure 9B was disclosed in the prior art. As to Apricorn, Jones's opinions also cannot create a genuine dispute of material fact to support invalidity of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

Asserted Claims. Jones's tenuous and somewhat conclusory assumptions fail to show that a person of skill could have found the overall structure of interface control device 910 obvious, particularly where Jones admits that the structure is "not present in the combination as stated."

Defendants' invalidity theories regarding public use, on-sale bar, and derivation rely on the same underlying arguments regarding the "means for mediating" term. Plaintiff's motion for summary judgment of no invalidity is accordingly **GRANTED** as to Defendants' invalidity theories involving prior art at issue in SPEX's motion.

**B.     Remainder of Apricorn's Noninfringement Summary Judgment Motion**

Apricorn presents three other arguments to support its motion for summary judgment of noninfringement.

Apricorn argues that physical separateness is required for the structures of the claimed "means for mediating" and "security means." See, e.g. Apricorn Reply, Docket No. 127 at 16. Apricorn's argument is premised on a judicial estoppel argument. Apricorn Mtn., Docket No. 105 at 19–20. Apricorn argues that in opposing Apricorn's § 101 motion to dismiss, SPEX represented that the "means for mediating" and "security means" were not abstract because they were two of "five specific hardware components" recited by the claims. Id. at 19–20 (citing Dkt. 27 at 1–2). As WD observed in its noninfringement summary judgment motion, during claim construction briefing, Defendants also specifically explained that their proposed structures for the "security means" term specifically included the phrase "specific hardware component" to reflect the assertions SPEX made in its earlier opposition. See WD Mtn., WD Case, Docket No. 114 at 5. WD notes that "SPEX *did not dispute* this argument in its claim construction briefing or during the Court's *Markman* hearing." Id. (emphasis in original).

Apricorn (and WD) have not persuasively shown that judicial estoppel attaches here such that the "security means" and "means for mediating" must be limited to

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
|---|---|
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

physical separate devices. The parties' previous dispute related to hardware "<u>components</u>." The term "component," even when used in the phrase "specific hardware component" does not necessarily require physically separate devices. The fact that two hardware components might share space as part of the same overall device does not serve as a basis to find noninfringement. However, the Court notes that the intermingling of smaller elements of the means for mediating and security means, such that there is no clear and distinct overall structure for each claim limitation, would lead to an issue similar to the one warranting noninfringement for WD. There is not enough information on the current record to conclude that such is the case here with respect to Apricorn's accused products. <u>See</u> Apricorn Mtn., Docket No. 105 at 19–23 (focusing on the fact that both accused elements are on the same chip, but not addressing whether the elements intermingle on the chip).

Apricorn's two remaining arguments appear to present claim construction disputes that cannot be resolved on the current, limited record. <u>First</u>, the parties appear to disagree the meaning of the word "enable" in the context of the claim phrase "target means to enable a defined interaction." The same dispute was somewhat more clearly presented by the parties in the context the WD noninfringement motion. <u>See, e.g.</u>, SPEX Opp'n to WD, <u>WD Case</u>, Docket No. 124 at 11 ("Enabling only requires making an action possible. That memory is present in the accused products certainly makes it possible for the host to be informed that the accused product is a storage device capable of performing the function of storing data."); WD Reply to WD Mtn, <u>WD Case</u>, Docket No. 137 (arguing that only "active," not "passive," devices can satisfy the "target means," and not specifically addressing SPEX's implicit suggestion that a component can <u>indirectly</u> enable by virtue of its existence in an overall device or system.). Second, regarding only Claims 1 and 2 of the '802 Patent, the parties appear to dispute the meaning of the claim phrase "means for operably connecting," including whether statements from the prosecution history of the '135 Patent should be interpreted as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| | |
|---|---|
| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

limiting the scope of the term as it appears in the '802 Patent.[14] <u>See, e.g.</u> SPEX Opp'n to Apricorn Mtn, Docket No. 122-1 at 23–24. At the hearing on the parties' summary judgment motions, the parties agreed to a schedule for supplemental claim construction briefs on these issues. A ruling on these portions of Apricorn's motion is deferred.

For the reasons stated, Apricorn's noninfringement summary judgment motion is **DENIED-IN-PART** and **DEFERRED-IN-PART**.

## C. Remainder of SPEX's No Invalidity Summary Judgment Motions

SPEX also moves for summary judgment of no invalidity with respect to a written description argument raised by Defendants' expert, Clark. SPEX Invalidity Mtn, Docket No. 103 at 21–22. Clark's written description opinions span two paragraphs. He states, <u>inter alia</u>,

> I have been informed that, in its infringement cases, Plaintiff seeks to cover with the Asserted Patents products that utilize a System on a Chip (SoC) that integrates and manages myriad functions, including, e.g., drive control, data encryption, power management, error detection, data compression, and host interface.

> In my opinion, a person of ordinary skill in the art, upon reviewing the patents and the claims, would not consider the inventors to have been in possession of such an integrated and inter-related design. Thus, it is my opinion that, under at least the claim interpretations upon which Plaintiff

---

[14] Even if Apricorn is correct in arguing that the term should be limited to require operably connecting in response to an "explicit instruction," SPEX has presented circumstantial evidence that would likely create a question of fact on this issue. <u>See</u> SPEX Opp'n to Apricorn Mtn, Docket No. 122-1 at 24–25.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|
| | SACV 16-01800 JVS (AGRx) | | |
| | LACV 16-07349 JVS (AGRx) | | |

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; |
|---|---|
| | SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; |
| | SPEX Tech., Inc. v. Apricorn |

relies to allege infringement, the Asserted Claims would be invalid for lack
of adequate written description.

Expert Report of Dr. Paul C. Clark, Docket No. 106-3 ¶¶ 133–34. WD and Toshiba[15]
argue that Clark's opinions appropriately apply Federal Circuit law regarding written
description. WD and Toshiba Opp'n to Invalidity Mtn, WD Case, Docket No. 120.

The written description inquiry requires a determination of "whether the
disclosure of the application . . . reasonably conveys to those skilled in the art that the
inventor had possession of the claimed subject matter as of the filing date" of the
asserted patent. Ariad Pharm., Inc. v. Eli Lilly & Co., 598 F.3d 1336, 1351 (Fed. Cir.
2010). "[W]hatever the specific articulation, the test requires an objective inquiry into
the four corners of the specification from the perspective of a person of ordinary skill in
the art. Based on that inquiry, the specification must describe an invention
understandable to that skilled artisan and show that the inventor actually invented the
invention claimed." Id. Although the Court recognizes the difficulties inherent in being
required to prove a negative, Clark does not even attempt to engage in an inquiry into
the four corners of the specification and explain in more than a conclusory fashion why
the specification fails to support the scope of the claimed invention of the '802 Patent.
WD and Toshiba have not explained how Clark's conclusory opinions would assist the
trier of fact. WD and Toshiba also fail to refer to any other evidence that they believe
supports their written description invalidity argument. The Court otherwise agrees that
although consideration of the infringing product has often been used as a reference point

---

[15] Apricorn does not defend Clark's written description opinions or otherwise signal through its
opposition that it is joining WD and Toshiba in opposing SPEX's arguments regarding Clark's written
description argument. See Apricorn Opp'n to Invalidity Mtn, Docket No. 116 at 11 (referring only to
the written description opinions of its own separate expert, Jones, which are not challenged in SPEX's
invalidity motion); see also SPEX's Reply to Apricorn re Invalidity Mtn, Docket No. 128 at 7
(observing that Apricorn "did not join or incorporate by reference WD's and Toshiba's opposition to
SPEX's Motion as to Dr. Clark.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 16-01799 JVS (AGRx) SACV 16-01800 JVS (AGRx) LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |
|---|---|---|---|

| Title | SPEX Tech., Inc. v. Western Digital Corp. et al; SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al; SPEX Tech., Inc. v. Apricorn | | |

in the written description inquiry, it is not appropriately used as the sole reference at the expense of meaningful analysis of the specification and claims. The parties did not further discuss this dispute at the hearing. On the current record, WD and Toshiba have not shown that they could prove a lack of written description of the Asserted Claims by clear and convincing evidence. This portion of SPEX's summary judgment motion of no invalidity is also **GRANTED**.

SPEX has also filed a separate motion for summary judgment of no invalidity based on IPR estoppel. SPEX Estoppel Mtn, Docket No. 100. Because SPEX's motion for summary judgment of no invalidity has been granted as to the same prior art at issue in SPEX's estoppel motion, the estoppel motion need not be addressed. It is **DENIED AS MOOT**.

**IV. CONCLUSION**

For the reasons stated in this Order,

- Apricorn's Summary Judgment Motion (LACV 16-7349, Docket No. 105) is **DENIED-IN-PART** and **DEFERRED-IN-PART**.
- WD's Summary Judgment Motion (SACV 16-1799, Docket No. 107) is **GRANTED**.
- SPEX's Summary Judgment Motion of No Invalidity is **GRANTED** (SACV 16-1799, Docket No. 111; SACV 16-1800, Docket No. 111; LACV 16-7349, Docket No. 103).
- SPEX's Summary Judgment Motion of No Invalidity Pursuant to Section 315 Estoppel is **DENIED AS MOOT** (SACV 16-1799, Docket No. 108; SACV 16-1800, Docket No. 108; LACV 16-7349, Docket No. 100).

**IT IS SO ORDERED.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-01799 JVS (AGRx)<br>SACV 16-01800 JVS (AGRx)<br>LACV 16-07349 JVS (AGRx) | Date | November 22, 2019 |

| | |
|---|---|
| Title | SPEX Tech., Inc. v. Western Digital Corp. et al;<br>SPEX Tech., Inc. v. Toshiba Am. Elec. Components Inc. et al;<br>SPEX Tech., Inc. v. Apricorn |

       :    0

Initials of
Preparer     lmb