CHRISTOPHER D. BRIGHT (SBN 206273)
christopher.bright@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Ste. 1800
Costa Mesa, CA 92626
Tel: 714.830.0600
Fax: 714.830.0700

HERSH MEHTA (*admitted pro hac vice*)
hersh.mehta@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1739
Fax: 312.324.1001

Attorneys for Defendant
APRICORN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPEX TECHNOLOGIES, INC.<br><br>    Plaintiff<br><br>    v.<br><br>APRICORN<br><br>    Defendant, | CASE NO.: 2:16-CV-07349 JVS (ARGx)<br><br>Hon. James V. Selna<br><br>**DEFENDANT APRICORN'S OPPOSITION TO PLAINTIFF SPEX TECHNOLOGIES, INC'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY ARGUMENT RELATING TO UNASSERTED OR INVALIDATED CLAIMS AND PATENTS**<br><br>**HEARING:**<br>Date:  January 13, 2020<br>Time:  11:00 a.m.<br>Place: Courtroom 10C<br>Judge: Hon. James Selna |

The Court should deny SPEX's motion *in limine* 1 (Dkt. 165), which seeks to preclude Apricorn from "referring to dropped or invalidated claims or patents." Dkt. 165 at 4:22-23.

SPEX's motion bears directly on Apricorn's *in limine* motion 2 (Dkt. 158). In that motion, Apricorn seeks to exclude the opinions of SPEX's damages expert, Mr. Jim W. Bergman. As explained in that motion, "Mr. Bergman's opinions should be excluded because they did not value the remaining asserted claims of the '802 patent following the invalidation of the other claims in Case IPR2018-00082, where the scope of the invalid claims is substantially different from the scope of the remaining asserted claims." Dkt. 158 at 2. Apricorn's motion fully explains why the PTAB-invalidated claims of the asserted '802 patent are essential to explain Mr. Bergman's deficient damages methodology and opinions. *See* Dkt. 158.

SPEX now seeks to exclude all reference to these PTAB-invalidated claims in order to shield Mr. Berman's defective damages opinions from the jury. But the invalidated claims go straight to the defects in Mr. Bergman's theory. Without referencing those claims, Apricorn cannot expose SPEX's defective damages theory. If the Court permits Mr. Bergman to opine at trial, then the Court should also deny SPEX's motion *in limine* 1 and permit Apricorn to reference the invalidated claims for the limited purpose of cross-examining SPEX's damages witnesses. As explained below, SPEX's contrary arguments fail.

**I.    SPEX's relevance argument fails.**

SPEX asserts that the invalid patent claims are irrelevant. *See* Dkt. 165 at 3. But the invalid claims go right to the heart of Mr. Bergman's defective damages analysis and opinion. As explained in Apricorn's *in limine* motion 2:

> Nowhere does Mr. Bergman's expert report acknowledge the limitation of "Interface control device 910 (as shown in Fig. 9B)" which distinguished the remaining asserted claims of the '802 patent (claims 1, 2, 11, and 12) from the prior art (i.e., the invalid claims 38 and 39 of the '802 patent). Nowhere did Mr. Bergman's opinions value the asserted claims versus any of the other claims of the '802

patent, whether unasserted or invalid. As far as Mr. Bergman's opinions are concerned, he was valuing the remaining asserted claims of the '802 patent (claims 1, 2, 11, and 12) to be same as the value of the claims subsequently held by the PTAB to be invalid (claims 38 and 39).

Dkt. 158 at 4:9-17 (citations omitted). If Mr. Bergman is permitted to testify, it will be critical that Apricorn be permitted to cross-examine Mr. Bergman about the above-noted deficiencies, among others in his damages opinions. Apricorn cannot do this without referring to the invalidated claims.

SPEX's motion never addresses the relevance of the invalid claims to Mr. Bergman's opinion, even though Apricorn's *in limine* motion 2 squarely focuses on this very defect in Mr. Bergman's damages opinions. *See* Dkt. 158. SPEX instead focuses on its technical expert, Mr. Miguel Gomez, asserting that "Mr. Gomez's opinion as to the benefits of the patented invention … is not limited to any particular claims." Dkt. 165 at 4:1-2. But that only underscores why Apricorn must refer to the invalidated patent claims in cross-examination. Both Bergman and Gomez treated the invalidated claims (*i.e.*, claims 38 and 39) to have the same value as the remaining asserted claims (*i.e.*, claims 1, 2, 11, and 12) and thereby failed to apportion any value in the remaining asserted patent claims relative to the prior art (invalid claims 38 and 39).

**II.   SPEX's prejudice argument fails.**

SPEX asserts that if Apricorn is permitted to mention the invalidated claims, then SPEX will need to spend trial time explaining "the differences between the asserted and unasserted claims." Dkt. 165 at 4:14-17. SPEX cites no authority for why this would amount to undue prejudice. That is because it would not—it is a consequence of SPEX's experts' failure to address these claim differences and conduct the required apportionment analysis based on the differences. SPEX cannot shield its defective damages analysis from the jury under the guise of prejudice.

SPEX also asserts that "the jury may draw an unwarranted conclusion" that

"the invalidation of certain claims … reflects on the merits of remaining claims and theories." *Id.* at 3:14-17. But that is not an "unwarranted conclusion"—it is the correct conclusion. The invalidation of certain '802 patent claims bears directly on SPEX's damages theory for the remaining asserted patent claims, which falls short of accounting for these claims as part of the required apportionment analysis. In any event, SPEX can reference the fact before the jury that the PTAB did not invalidate the remaining asserted patent claims, unlike the invalidated claims.

### III.  SPEX's cited case law is inapplicable.

*SPEX* relies on three cases: 1) *Digital Reg. of Tex. v. Adobe Sys.*, 2014 U.S. Dist. LEXIS 115565 (N.D. Cal. Aug. 19, 2014); 2) *GPNE Corp. v. Apple, Inc.*, Case No. 5:12-cv-02885, Dkt. No. 319 (N.D. Cal. June 24, 2014); and 3) *S.E.C. v. Retail Pro, Inc.*, No. 08-cv-1620-WQH-RBB, 2011 WL 589828 (S.D. Cal. Feb. 10, 2011). *See* Dkt. 165 at 3. None applies here.

*Digital Reg.* addresses whether previously asserted claims are relevant to a party's willful and induced infringement claims (***not*** the issue here) rather than whether a patent's invalidated claims are relevant to a damages experts analysis that fails to value the patent's remaining asserted claims (the issue here). *Digital Reg.*, 2014 U.S. Dist. LEXIS 115565, at *39-40. Attempting to obscure this distinction, SPEX omits *Digital Reg.*'s distinguishing language with ellipses:

| SPEX's characterization of *Digital Reg.* | *Digital Reg.*'s actual holding |
|---|---|
| "[E]vidence of previously asserted claims that are no longer in the case is not relevant to … the separate claims that are still in the case." Dkt. 165 at 3 (bracketing and ellipses in original). | "[E]vidence of previously asserted claims that are no longer in the case is not relevant to ***Adobe's alleged willful and induced infringement of*** the separate claims that are still in the case. *Digital Reg.*, 2014 U.S. Dist. LEXIS 115565, at *39-40 (emphasized). |

1       SPEX's two other cited cases also do not apply here. *GPNE* precluded reference to "discovery disputes, motion practice, or rulings in this case," and *Retail Pro* precluded reference to a court's summary judgment order. *GPNE*, Dkt. No. 319 at 1; *Retail Pro*, 2011 WL 589828, at *4. Apricorn is not seeking to refer to those things here. As explained above, Apricorn is instead seeks to refer to the invalidated patent claims to expose the defects in SPEX's damages analysis (as further explained in Dkt. 158).

\* \* \*

      The Court should deny SPEX's motion *in limine* 1 (Dkt. 165).

Dated:  December 23, 2019

Respectfully submitted,

 *Christopher D. Bright*
Christopher D. Bright
christopher.bright@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Ste. 1800
Costa Mesa, CA 92626
Tel: 714.830.0600
Fax: 714.830.0700

HERSH MEHTA (*admitted pro hac vice*)
hersh.mehta@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1739
Fax: 312.324.1001

Attorneys for Defendant
APRICORN

# CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2019, I electronically filed the foregoing document **DEFENDANT APRICORN'S OPPOSITION TO PLAINTIFF SPEX TECHNOLOGIES, INC'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE ANY ARGUMENT RELATING TO UNASSERTED OR INVALIDATED CLAIMS AND PATENTS** with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system, which constitutes service on all counsel of record to this action.

Executed on December 23, 2019, at Costa Mesa, California.

        /s/ *Christopher D. Bright*
        CHRISTOPHER D. BRIGHT