UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl/Rolls Royce Paschal | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   [IN CHAMBERS] ORDER RE MOTIONS IN LIMINE

Plaintiff SPEX Technologies, Inc. ("SPEX") and defendant Apricorn, Inc. ("Apricorn") move the Court for relief by way of Motions *in Limine*. The Court now enters its rulings.

I.   SPEX's Motions *in Limine*.

A.   Motion *in Limine* No. 1: Unasserted and Invalidated Claims.

SPEX seeks an order to exclude evidence regarding unasserted and invalidated claims. (Docket No.165.) Apricorn has filed an opposition (Docket No. 185), and SPEX has replied (Docket No. 206).

The principal focus is the PTA's invalidation of Claims 38 and 39. Apricorn contends that it must refer to the invalidated claims in challenging SPEX' experts' damages calculations. (Opposition, p. 2.) The Court agrees in part.

There are two permissible lines of inquiry. Did the expert include as part of his valuation functions only provided in Claims 38 and 39? Or conversely, does invention perform all the functions valued without the functions provided by Claims 38 and 39? If the answer to first question is "yes," or the answer to the second question is "no," Apricorn is free to point out that Claims 38 and 39 are not being asserted and are not part of the case. There may be other formulations along the same lines. But in neither case posited by the Court does it require telling the jury that the PTAB invalidated the claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 16-07349JVS(AGRx)                                         Date   January 21, 2020

Title   SPEX Technologies v Apricorn, Inc

      Evidence of invalidation per se is not probative of any element (Fed. R. Evid. 401), and it would clearly serve to prejudice the SPEX in the eye's of the jury (Fed. R. Evid. 403).  SPEX' concern about a spill over effect is valid.

      The Motion is granted only to the extent that Apricorn is barred from referring to the PTAB invalidation of Claims 38 and 39.

      B.  Motion *in Limine* No. 2: Evidence of Purportedly Unmarked    Products.

      SPEX seeks an order to exclude evidence in support of Apricorn's defense that its products were not marked as required by 35 U.S.C. § 287.  (Docket No.169.)  Apricorn has filed an opposition (Docket No. 191), and SPEX has replied (Docket No. 207).

      Although somewhat obliquely, the motion really presents two issues: (1) Has Apricorn come forward with sufficient evidence in discovery to support the defense, and (2) Should Apricon be permitted to use evidence which it did not disclose in discovery for products it did not identify in discovery.

      The Court declines to address the first issue because it amounts to a stealth summary judgment motion without the protections and requirements of such a motion.[1]  (Docket No. 35, Order for Jury Trial, p. 4; see Docket No. see Docket No. 177.)

      With regard to second issue, Rule 26(e) imposes a duty to supplement discovery.  (Fed. R. Evid. 26(e).)  It is clear that Apricorn now wishes to offer evidence going beyond its responses, and where applicable it supplemental responses, to Common Interrogatory 6 (First Set) and Common Interrogatory  11(Second Set).  Rule 37(c)(1) of the Federal Rules of Civil Procedure establishes a self-executing sanction for failing to make required disclosures: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); Yetti by Molly, Ltd. v.

---

[1] Apricorn's argument that SPEX should precluded from past damages for failure to plead and prove marking fails for the same reason.  (See Opposition, p. 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 16-07349JVS(AGRx)                                Date   January 21, 2020

Title      SPEX Technologies v Apricorn, Inc

Deckers Outdoor Corp., 259 F.3d 1101, 1105-06 (9th Cir. 2001).  Given that the case on the verge of trial and there is no basis to find that the failure to disclose other products or other supporting evidence is either harmless or justified, the Court excludes all evidence on the issue of marking which was not disclosed in discovery.  The Court has considered but finds that no lesser sanction would be effective.  (Fed. R. Civ. P. 37(c)(1).)

Apricorn contends that identification of families such as the Lynks products is sufficient disclosure under Arctic Cat Inc. v, Bombardier Recreational Products Inc., 876 F.3d 1350, 1368 (Fed. Cir. 2017).  To be sure, Arctic Cat imposes a "low bar" for notice (id.), but the bar is not non-nonexistent.  The Court finds that disclosure of families, rather than specific products, does not meet the requirement for identifying "specific unmarked products."  (Id.)  Without that specificity, the "universe of products [requiring] compliance would be unbounded."  (Id.)

The Motion is granted in part.

C.   Motion in Limine No. 3: Derogatory Comments.

SPEX seeks an order to exclude testimony and argument with regard to how SPEX acquired its patents and derogatory comments with regard to SPEX (e.g., "patent troll," "patent assertion entity").  (Docket No. 170.)  Apricorn has filed an opposition (Docket No. 187), and SPEX has replied (Docket No. 208).

Apricorn has indicated that it intends to characterize SPEX as a "patent troll," "shell to sue people," "litigious," and as an a non-practicing entity.  SPEX's business strategy is to license and where necessary to enforce its rights through litigation.  SPEX contends that such evidence and comments are irrelevant and  more prejudicial than probative.  (Fed. R. Evid. 401, 403.)

Apricorn has agreed not to use the term "pirate," "extortion," "privateer," "shakedown," and "litigation shop." (Opposition, p. 2.)  SPEX declines to make any further concessions, including with regard to the terms "litigious," "shell," and the like.  That is insufficient.

Short of patent abuse, the manner in which SPEX acquired its intellectual property and how it lawfully enforces its right is irrelevant.  Such evidence neither proves

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

nor rebuts any element of a patent infringement claim.

Apricorn's strategy prejudices SPEX by suggesting that there is something wrong with acquiring patent rights and then enforcing them.

Apricorn is free to refer to the fact that SPEX acquired its rights from Spyrus.[2] Apricorn is also free to state in neutral terms that SPEX is a non-practicing entity, and that its business model it to enforce those right. (See Docket No. 170, p. 3.)

With regard to Brown, the Court understands that he will not disparage the patent system. (Opposition, pp. 2-3.) Contrary to Apricorn's assertion, there is something wrong with characterizing this case as "extremely egregious and reckless." Such language is gratuitously inflammatory. He is entitled to state that patents are "very weak," provided he has been appropriately designated as an expert and he states the technical basis for the opinion. Whether the case is weak or strong is within the province and beyond any expertise Brown may possess.

Except as noted, the Motion is granted. Depending on the evidence at trial, the Court will instruct that the rights of a patent holder are the same whether the patent hold practices, chooses to license and enforce right or pursues any other lawful means exploit his rights.

D. Motion re Non-infringing Alternates.

SPEX seeks an order to exclude evidence of non-infringing alternatives on the ground that Apricorn failed to disclose such alternates in discovery. (Docket No. 168.) Apricorn has filed an opposition (Docket No. 186), and SPEX has replied (Docket No. 209).

The availability of non-infringing design options in one the considerations in the hypothetical arm's-length negotiation for a reasonable royalty. Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1373 (Fed. Cir. 2008), *modified on other grounds*, 557 F.3d 1377 (Fed. Cir. 2009). The accused infringer bears the burden of proving the

---

[2]Indeed, Apricorn could probably force SPEX to disclose such facts to establish its right to enforce the patents in suit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

existence of non-infringing alternatives. Smart Skins, LLC v. Microsoft Corp., 2016 WL 4148091 at * 2 (W.D. Wash. July 1, 2016).

Apricorn declined to disclose any alternatives in response to initial interrogatories, indicating it would wait for the Court to issue its Markman constructions. (Motion, Ex. B.) It did not supplement its responses following the Markman ruling. The same topic was raised with Topic 19 for the Rule 30(b)(6) corporate deposition of Apricorn. (Motion, Ex. C.) SPEX questioned the corporate designee, company founder Brown, on one arguably disclosed alternative, software encryption. Following that deposition, Apricorn supplemented its original interrogatory responses, and disclosed fifteen design options. (Motion, Ex. E.) By that time, fact depositions had been concluded, and expert reports were due within ten days.

In his initial report, Apricorn's damages expert Mark Jones opined without explanation that the disclosed design options would not infringe the asserted claims. (Motion, Ex. H, Jones Report, p. 308; pagination per report.) In the rebuttal round of expert reports, Dr. Leonard opined concerning four of the fifteen options and added a new one, the Initio chip design. (Motion, Ex. I, ¶¶ 41-43.) In his rebuttal report, he also discussed the options, relying for his opinions mainly on conversations with Apricorn personnel, including Brown. (Motion, Ex. K, ¶¶ 188-191.) The personnel identified were never presented for examination.

Apricorn had the burden of going forward with non-infringing alternatives. Its less than complete disclosures in its rebuttal reports failed to meet its obligations under Rule 26(a) and (e). (Fed. R. Civ. P. 26(a)(2)(B), (e).) Rebuttal disclosures, even if substantively sufficient were outside the ken of proper rebuttal. Smart Skins, 2016 WL 4148091 at * 2. The Court finds that these failure were neither harmless nor amounted to substantial compliance. Unless lesser sanctions are available, the self-executing remedy is exclusion. Fed. R. Civ. P. 37(c)(1); Yetti by Molly, 259 F.3d at 1105-06. At this point, there is no way to cure the deficiencies short of continuing the trial, which the Court declines to do.

SPEX's admissions of the existence of designed options, such as software or the absence of mediation, does not cure the deficiencies in Apricorn's responses. (Opposition, p. 1.) The contention that "Design Option 13" and the Initio chip design are "captured" by these two categories does not substitute for compliance with the detailed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

requirements of Rule 26(a)(B(2). Nor does the fact that SPEX's expert briefly critiques Apricorn's list of alternatives cure the problem that Apricorn had the duty to file opening disclosures on all issues on which it has the burden, including the existence of non-infringing alternatives.[3]

For the same reason that the experts' reports and testimony fail to meet the Rule 26 disclosure requirements, they fall short of meeting the standard for admission under Daubert and Rule 702 of the Federal Rule of Evidence. Daubert v. Merrel Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993); Fed. R. Evid. 702. For example, there is no way to test the report for the statement and use of reliable principles and methods. (Fed. R. Evid. 702(2).)

Apricorn's indication after the filing of the present motion that it intends to offer Western Digital products as non-infringing alternative comes woefully too late and meets none of the requirement for expert disclosures. (See Rebuttal, p. 7.)

The Motion is granted. All percipient and expert testimony on the issue of non-infringing alternatives is excluded.

E. <u>Motion to Strike Jones Opinions.</u>

SPEX seeks an order to exclude certain opinions of Apricorn expert Mark Jones ("Jones"). (Docket No.164.) Apricorn has filed an opposition (Docket No. 184), and SPEX has replied (Docket No. 210).

Specifically, SPEX moves to exclude Jones' opinion that there is no written description support for the claim limitation "means for operably connecting the security means and/or target means to the host computing device in response to an instruction from the host computing device." SPEX argues that Jones' written description invalidity theory was not timely or adequately disclosed in Apricorn's invalidity contentions. SPEX

---

[3]By and large, the deficiencies which Gomez points out are items which an opening report from Apricorn should have covered. (Gomez Report, ¶¶ 252-53.) It would be novel to allow as a hook for a rebuttal report the notion that by pointing out shortcomings for theories which Apricorn failed to state and support in an opening report give rise to a right to state those theories and to attempt to cure the shortcomings in a rebuttal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

also argues that even if it was properly disclosed, Jones' theory is contrary to the Court's claim construction order and should still be excluded on that basis.

Apricorn served invalidity contentions on March 30, 2017. (See Docket No. 164-4.) In its contentions, Apricorn includes a section titled "Lack of Adequate Written Description." (Id. at 36–37.) This section of the invalidity contentions lists seven claim limitations as lacking written description, including the "means for operably connecting . . ." limitation. (Id. at 36.) The contentions then include a paragraph that states, inter alia,

> [t]hese limitations collectively apply to all of the asserted claims, and . . . Plaintiff's Infringement Contentions as to these limitations identify subject matter in the Accused Products that is not disclosed in the Asserted Patents, and for which the specification does not objectively demonstrate to a person of skill in the art possession by the patent applicants. For example, the Asserted Patents make no mention of the USB, SAS, or SATA technologies upon which SPEX relies for the 'means for enabling communication' and 'means for operably connecting' limitations.

(Id. at 37.)

Apricorn served an expert report from Jones in this case approximately a year later, on March 23, 2018. (Docket No. 164-3 ("Jones Report").) The Jones Report includes a section related to written description where Jones opines that two terms – the claim term "operably connecting a security module to the host computing device in response to an instruction from the host computing device" (a phrase that does not appear in the remaining asserted claims) and the term "means for operably connecting . . ." – lack written description. (Id. at 309–10.) Jones introduces the "operably connecting . . ." term and then states that

> [t]he patent fails to provide any description of when or how a security module transitions from a state in which it is not 'operably connected' to a state in which it is 'operably connected.' The patent fails to provide any description of an instruction from the host computing device that causes such a transition.

(Id. at 309.) After providing some further opinions regarding the scope of the patent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

specification, Jones states, "for the claims with a 'means for operably connecting' the 'means for operably connecting' is part of the peripheral device, not part of the host computing device. The '802 Patent does not provide a description [of] this function being performed in the peripheral device." (Id.)

A claim construction order was issued about five months before the Jones Report was served. (Docket No. 62.) As part of claim construction proceedings, the parties disputed the meaning of the "means for operably connecting" limitation. (Id. at 27–31.) However, the parties' dispute focused on the meaning of the phrase "and/or" that appears in the claim limitation and certain targeted disputes relating to SPEX' proposed structures for the term.

The Court questions the timing of SPEX's challenge, particularly where a challenge was made as to the written description opinions of another expert at the summary judgment stage in the context of SPEX' motion for summary judgment of no invalidity. (Docket No. 142 at 20–21.) The Court otherwise agrees with SPEX as a procedural matter that Apricorn's invalidity contentions failed to adequately disclose the written description theories reflected in the Jones Report. As Apricorn notes, however, SPEX's expert responded in a rebuttal report to Jones' opinions. SPEX has not sufficiently shown that it has been unduly prejudiced by Apricorn's late disclosure, particularly given its own delay in challenging it.

On the merits, the Court simply notes that Jones will not be permitted to use a written description challenge as a way to backdoor an issue that should have been raised in the context of claim construction. An argument that there is no corresponding structure that is clearly linked to the claimed function is a claim construction argument. Stating that there is no written description disclosure of a structure for performing the claimed function amounts to the same thing. But although SPEX argues that all of Jones' written description arguments implicate claim construction concepts and moreover are contradictory of the current claim construction determinations in this case, this assertion is not supported by the record. In particular, Jones' opinions regarding the phrase "in response to an instruction from the host computing device" do not appear to necessarily implicate means-plus-function claim construction issues. SPEX's argument that Jones' written description theory is "a moving target" is also unpersuasive. (See Docket No. 210 at 3.) The Jones Report cites back to Jones' opinions regarding the "operably connecting a target module" term when presenting opinions regarding portions of the "means for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

operably connecting . . ." term, including the "in response to an instruction from the host computing device" portion of that term. (See Jones Report at 310.)

SPEX's Motion to Strike Jones' opinions is denied.


II.     Apricorn's Motions *in Limine.*

        A.   Motion *in Limine* No. 1: Exclusion of Inconsistent Opinions.

        Apricorn seeks an order to exclude opinions of Miguel Gomez ("Gomez") which are inconsistent with the Federal Circuit's opinion in Odetics.[4] (Docket No. 157.) SPEX has filed an opposition (Docket Nos. 192-1; 212-2 (sealed), and Apricorn has replied (Docket No. 200).

        Apricorn's Motion appears to seek exclusion of all infringement opinions offered by SPEX's expert Gomez on the basis that "Gomez does not opine that Interface Control Device 910 is equivalent to any overall structure in Apricorn's accused products." (Docket No. 157 at 2.) Apricorn bases its request on the Court's order regarding summary judgment. (See Docket No. 142.)
In its order, the Court granted summary judgment as to a defendant in a related case (Western Digital, or "WD") on the basis that SPEX had failed to show that the accused products "include a literal or equivalent structure to match the structure of the 'means for mediating' term." Id. at 13. In reaching its determination, the Court quoted from Odetics, Inc. v. Storage Technology Corp., 185 F.3d 1259, 1267 (Fed. Cir. 1999). (Docket No. 142, p. 12.) In that case, the Federal Circuit explained that "[t]he individual components, if any, of an overall structure that corresponds to the claimed function are not claim limitations. Rather, the claim limitation is the overall structure corresponding to the claimed function." Odetics, 185 F.3d at 1267. The Court concluded that SPEX' identification of structures in the accused products as allegedly meeting the "means for mediating" term was insufficient. It stated,

        SPEX's position does not rely on comparing an overall structure in the

---

Odetics, Inc. v. Storage Technology. Corp., 185 F.3d 1259, 1267 (Fed. Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

accused products to the structure of the Interface Control Device 910. Picking and choosing smaller component pieces in a much larger, complex accused product to satisfy this limitation, including component pieces with different relationships to the alleged interfaces that the Interface Control Device 910 mediates between, would effectively obviate the 'means for mediating' limitation as construed altogether.

(Docket No. 142 at 13.)

Apricorn argues that Gomez' analysis providing a component-by-component comparison of the accused products to aspects of the Interface Control Device 910 is contrary to the Court's order and Odetics such that "Mr. Gomez's opinions should be excluded." (Docket No. 157 at 4.)

Particularly given that Apricorn does not limit its Motion solely to exclusion of Gomez' opinions specifically relating to the "means for mediating" claim term, the Court questions whether Apricorn is again bringing a stealth summary judgment motion for consideration through this Motion . (See Docket No. 177.) Setting aside this concern, SPEX' opposition adequately explains its infringement theory, including as set forth by Gomez. (See Docket No. 212-1 (sealed).) SPEX argues that the "means for mediating" limitation is satisfied in Apricorn's accused products by two integrated circuits that interact directly with one another such that in combination, they are structurally equivalent to the Interface Control Device 910. (See id. at 4 (also providing side-by-side color-coded images of Figure 9B and an accused product module diagram).) SPEX asserts, "Apricorn does not contend that the structure in the accused device consists of distinct and separate components with different relationships to the interfaces mediated by the Interface Control Device 910." (Id.) Based on this position, SPEX suggests the dispute is distinguishable from the dispute raised in the WD Case. (See Docket No. 142 at 11–12 ("the components in the accused products that SPEX identifies as equivalent to Interface Control Device 910, which in the patent are part of a collective, overall structure that interacts with the Crypto Processor Interface as well as two other interfaces, instead form two collections of structures that each has a different relationship (including in location and function) to the accused products' crypto processor interface (as well as the other two interfaces.").)

Apricorn is correct that Gomez conducts a granular, "component-by-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

component" analysis in his expert report that compares certain elements of the integrated circuits he identifies as meeting the "means for mediating" limitation to elements of Interface Control Device 910. However, the Court does not find Gomez's decision to conduct the analysis in this fashion to support wholesale exclusion of his opinions for purposes of trial. Gomez adequately presents his opinions as to how he believes the accused products satisfy the claim limitations, and the Court does not find his analysis to violate the statements provided by the Federal Circuit in Odetics in a way that requires their exclusion. The Court will provide the jury with instructions regarding how to conduct the infringement analysis as a matter of law. The Court also notes that, as with all experts in this case, Gomez will be limited to presenting only opinions at trial that were appropriately disclosed during expert discovery in this case.

For these reasons, the Motion is denied.

B.  Motion in Limine No. 2: Bergman Damage Opinions.

Apricorn seeks an order to exclude the damage opinions of SPEX damages expert Jim W. Bergman ("Bergman").  (Docket No. 158.)  SPEX has filed an opposition (Docket No. 194), and Apricorn has replied (Docket No. 210).
Apricorn argues that Bergman's opinions should be excluded "because [Bergman] did not value the remaining asserted claims of the '802 patent following the invalidation of other claims in [inter partes review proceeding] IPR2018-00082."  (Docket No. 158 at 1.)

During inter partes review ("IPR") proceedings, the Patent Trial and Appeal Board ("PTAB") found that the remaining asserted claims in this case – Claims 1, 2, 11, and 12 of the '802 Patent – were not shown to be unpatentable, but that Claims 38 and 39 were unpatentable. In reaching its determination of unpatentability for Claim 39, the PTAB observed that based on "the mediating *step* of method claim 39, not tied to any particular, corresponding structure of the '802 Patent, Petitioner has sufficiently shown that [a prior art reference], in the proposed combinations, teaches or suggests" the claimed step. See Docket No. 163-2 at 42 (emphasis in original).

Bergman submitted his expert report in this case before the PTAB's Final Decision in the IPR. As SPEX explains,

based on a discussion with SPEX's technical expert, Miguel Gomez,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

> [Bergman] understood that each asserted claim in this case "implicate[s] the same features of the infringing technology." Dkt. 156-1 (Bergman Rpt.) at fn. 1. Mr. Bergman concluded, "[a]s a result, calculated damages are not dependent upon the claims found to infringe the Accused Products." Id.

(Docket No. 194, p. 1.) Apricorn argues that Bergman's opinions regarding the amount of damages as to the remaining asserted claims fails to properly apportion for the value of the patented technology because his opinion regarding the amount of damages is the same both for patent claims upheld by the PTAB and invalidated by the PTAB. Apricorn specifically emphasizes that Bergman did not consider the incremental value of the "means for mediating" limitation as part of his damages calculation and suggests that the "means for mediating" limitation is the sole feature distinguishing the asserted claims from invalidated Claims 38 and 39. Docket No. 201 at 1; see also id. at 3 ("Bergman was required to apportion value of the narrower, remaining asserted claims relative to the broader, invalidated claims, but failed to do so.").

The Court notes that it has rejected a similar argument from Apricorn regarding the "means for mediating" limitation in the context of Apricorn's MIL No. 3, finding Apricorn to essentially be seeking a summary judgment determination. (Docket No. 177.) In Apricorn's Motion *in Limine* No. 3, Apricorn presented arguments about the IPR proceedings as they relate to Bergman's opinions and argued that the outcome of those proceedings provided a basis to preclude SPEX or Bergman "from arguing that the alleged invention of the remaining asserted claims of the '802 Patent is 'hardware encryption' data storage without mentioning interface control device 910." (Docket No. 159 at Title; see also id. at 3, 4.)

Again setting aside these concerns, as SPEX quotes in its brief and Apricorn acknowledges, "[t]he essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." Ericsson, Inc. v. D-Link Sys., Inc., 773 F.3d 1201, 1226 (Fed. Cir. 2014) (emphasis added). One of SPEX's positions is effectively that, because it identified the same components in the accused products as satisfying the mediating step in Claims 38 and 39 and the "means for mediating" limitation in the asserted claims, the same allegedly "infringing features" of the end product are implicated in the same way by each claim. (Docket No. 194 at 6.) Apricorn does not sufficiently respond to this position in its reply or otherwise challenge the methodology underlying Bergman's apportionment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

analysis as to the accused products on other grounds. For instance, Apricorn does not argue that Gomez or Bergman identified some different aspect of the accused products as meeting the "mediating" step of Claims 38 and 39 compared to the "means for mediating" step of the asserted claims such that more value of the accused products could be attributable to the patented technology in the instance of Claims 38 and 39 versus the asserted claims. At most, Apricorn's arguments may present a matter appropriate for cross examination at trial.

    For these reasons, the Motion is denied.

        C. <u>Motion in Limine No. 3: Mention of Hardware Encryption Data Storage without Reference of Interface Control Device 910.</u>

    The Court has previously denied this Motion. (<u>See</u> Docket No. 177.)

        D. <u>Motion *in Limine* No. 4: Purchase of Spyrus Products.</u>

    Apricorn seeks an order to exclude evidence and argument that Apricorn's purchase of product from Spyrus constituted wilful infringement. (Docket No. 160.) SPEX has filed an opposition (Docket No. 195), and Apricorn has replied (Docket No. 203).

    The Court has invited supplemental briefing, and will enter a supplemental order upon receipt of those briefs.

        E. <u>Motion *in Limine* No. 5: Undisclosed Infringement Theories.</u>

    Apricorn seeks an order to exclude previously undisclosed infringement theories. (Docket No. 161.) SPEX has filed an opposition (Docket No. 195), and Apricorn has replied (Docket No. 203).

    Despite the breadth of relief requested, Apricorn points to only one example: performance of interaction by "transferring data such as USB class codes to inform the host computer of the device's capabilities." (Motion, p. 2.) Allegedly transferring data such as USB ports is not mentioned in SPEX infringement contention. However, SPEX contentions do discuss the use of memory modules. (Docket No. 118-22, pp. 7-9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349JVS(AGRx) | Date | January 21, 2020 |
| Title | SPEX Technologies v Apricorn, Inc | | |

Moreover Gomez' report discussed the use of memory modules, and he discussed the topic in his deposition. (Gomez Report, ¶¶ 98, 101-02; Weiss Decl. , Ex. 2.)

The Court is satisfied that an adequate disclosure was made, and that no exclusion under Federal Rule of Civil Procedure 37(c)(1) is warranted.

The Motion is denied. With respect to any other purposed non-disclosures not identified in the Motion, the Motion is denied without prejudice.

### F.  Motion *in Limine* No. 6: USB Specifications.

Apricorn seeks an order to exclude reliance on USB specifications . (Docket No. 197.) SPEX has filed an opposition (Docket No. 197), and Apricorn has replied (Docket No. 204).

Largely for the same reasons discussed above with regard to Motion *in Limine* No. 5, the Court denies the Motion.

First, the Court agrees that SPEX disclosed its theory in its infringement contentions, and was not required to provide the supporting evidence. (N.D. Local Patent Rule 3-1.)

Second, SPEX' reliance on USB technology was disclosed at numerous points in discovery, and so understood by Apricorn. (E.g., Docket 118-16, p. 6; Docket No. 107-26, p. 37.)

* * * * * * * * * * * * *

**Counsel are ordered to advise the parties and all witnesses of the Court's rulings so that there are no inadvertent violations of this Order.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 16-07349JVS(AGRx)                                Date   January 21, 2020

Title   SPEX Technologies v Apricorn, Inc

                                                                    :       0
                                            Initials of Preparer    lmb/rrp