# EXHIBIT B

...

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) consolidated with CV 15-02370 JVS | Date | February 22, 2018 |
| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson, et al | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                                  Not Present

**Proceedings:** **(IN CHAMBERS)** Order Granting TCL's Motion to Tax Costs of Visual Aids

       TCL Communication Technology Holdings, Ltd., TCT Mobile Limited, and TCT Mobile (US) Inc. (collectively "TCL") move for an order taxing the costs of visual aids against Telefonaktiebolaget LM Ericsson and related entities ("Ericsson") under 28 U.S.C. § 1920(4) and Local Rule 54-3.12. (Docket No. 1840.) Ericsson filed an opposition. (Docket No. 1855.) TCL filed a reply. (Docket No. 1877.) This Motion is separate from TCL's pending application for the clerk to tax costs against Ericsson. (Docket No. 1841.) For the following reasons, the Court **GRANTS** the Motion.

I. Legal Standard

       "[C]osts other than attorneys's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Taxable costs include "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In the Central District, "[s]ummaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial" may be taxed as costs "[u]pon order of the Court." L.R. 54-3.12(a); Little Oil Co., Inc. v. Atlantic Richfield Co., 852 F.2d 441, 448 (9th Cir. 1988) ("Costs for items such as summaries, computations, charts, graphs, etc. are recoverable under 28 U.S.C. § 1920 and Local Rule [54-3.12] for the Central District of California."). Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party." Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.2d 1136, 1144 (9th Cir. 1998). The burden is on the losing party to show why costs should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-00341 JVS (ANx) consolidated with CV 15-02370 JVS | Date | February 22, 2018 |
|---|---|---|---|
| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson, et al | | |

not be awarded.  See id.  "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 932 (9th Cir. 2015) (quoting Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

II. Discussion

      TCL seeks an order from this Court permitting the clerk to tax $54,289.80 billed by Fulcrum Legal Graphics, Inc. ("Fulcrum") for preparing demonstrative trial exhibits, and $109.98 for a model smartphone that was used during trial.  Ericsson did not oppose the $109.98 for the model smartphone, but did oppose the $54,289.80 spent preparing demonstrative trial exhibits in the form of visual aids.  (Opp'n at 1.)  Ericsson argued that the billing rates demonstrate that the work performed did not relate simply to the physical preparation and duplication costs of the demonstrative exhibits, but must have also included trial consulting work that required substantial intellectual effort.  (Id. at 3.)  Ericsson also identified a case from the District Court of New Jersey that found that billing by Fulcrum at $350 an hour was not the "'relatively minor, incidental expenses' to which taxable costs are limited, in the Supreme Court's view."  Warner Chilcott Labs. Ireland Ltd. v. Impax Labs., Inc., No. CIV.A. 08-6304 WJM, 2013 WL 1716468, at *12 (D.N.J. Apr. 18, 2013) ("Warner") (citing Kouichi Taniguishi v. Kan Pac. Saipan, Ltd., 132 S. Ct. 1997, 2006 (2012)).  However, Warner is distinguishable because the exhibits were never even presented at trial.  Warner, 2013 WL 1716468, at *11.  Local Rule 54-3.12(a) only permits recovery of the costs associated with the visual that were "reasonably necessary to assist the jury or the Court in understanding the issues at the trial."  See also Minass v. HHC TRS Portsmouth LLC, No. EDCV 13-1209 JGB (DTBx), 2015 WL 12867304, at *3 (C.D. Cal. Mar. 23, 2015) (Denying costs under Local Rule 54-3.12 for visual aids that were never presented at trial).

      Fulcrum helped create 275 demonstrative slides, and on average spent a little under 40 minutes and billed under $200 a slide.  These amounts are not so high that the Court is persuaded that Fulcrum must have also provided legal consultation services.  Further, the only evidence in the record is from TCL's attorney who stated that TCL did not employ Fulcrum for any trial consulting work, and that most often TCL's attorneys

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 14-00341 JVS (ANx) consolidated with CV 15-02370 JVS | Date | February 22, 2018 |
| Title | TCL Communications Technology Holdings, Ltd. v. Telefonaktienbolaget LM Ericsson, et al | | |

directed Fulcrum on how the slides should look and what they should contain. (Supp. Blonigan Decl. ¶ 3, Docket No. 1877-1.) The Court also found the demonstrative slides prepared by both sides to be very helpful in understanding the complex issues presented in this case.

III. Conclusion

For the foregoing reasons, the Court **GRANTS** TCL's Motion to Tax Costs of Visual Aids in the amount of $54,399.78.

Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court deems the matter submitted without oral argument, and removes the February 26, 2018 hearing from its calendar.

.

: 00

Initials of Preparer    kjt