
CHRISTOPHER D. BRIGHT
(SBN 206273)
christopher.bright@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Ste. 1800
Costa Mesa, California 92626
Telephone: 714.830.0600
Facsimile: 714.830.0700

HERSH MEHTA
(*admitted pro hac vice*)
hersh.mehta@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, Illinois 60601
Telephone: 312.324.1739
Facsimile: 312.324.1001

MICHAEL J. LYONS
(SBN 202284)
michael.lyons@morganlewis.com
CARLA B. OAKLEY
(SBN 130092)
carla.oakley@morganlewis.com
EHSUN FORGHANY
(SBN 302984)
ehsun.forghany@morganlewis.com
THOMAS Y. NOLAN
(SBN 312025)
thomas.nolan@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.843.7226
Facsimile: 650.843.4001

*Attorneys for Defendant,*
APRICORN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPEX TECHNOLOGIES, INC. <br><br> Plaintiff <br><br> v. <br><br> APRICORN <br><br> Defendant, | CASE NO.: 2:16-CV-07349 JVS (ARGx) <br><br> Hon. James V. Selna <br><br> **DEFENDANT APRICORN'S OPPOSITION TO PLAINTIFF SPEX TECHNOLOGIES, INC.'S MOTION TO TAX COSTS FOR VISUAL AIDS PURSUANT TO 28 U.S.C. § 1920(4) AND L.R. 54-3.12** <br><br> **Hearing:** <br> Date: May 4, 2020 <br> Time: 1:30 p.m. <br> Place: Courtroom 10C <br> Judge: Hon. James V. Selna |

Defendant Apricorn ("Apricorn") hereby files this opposition brief in response to Plaintiff SPEX Technologies, Inc.'s ("SPEX") motion to tax costs in the amount $68,188 for demonstrative trial exhibits. *See* Dkt. 307. As explained below, Apricorn opposes SPEX's motion in part, and requests that the Court reduce any costs awarded in response to the motion by $40,105 to discount the non-taxable costs included in the invoices supporting SPEX's Motion (Dkt. 307-3). Apricorn does not object to an award encompassing the remaining costs that total $28,083.[1]

Although fees for producing visual aids for use at trial are taxable in favor of the prevailing party, "fees are permitted only for the physical preparation and duplication of documents." *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 927 (9th Cir. 2015); *see also* L.R. 54-3.12 ("the reasonable cost of the physical preparation and duplication of [visual aids] are taxable"). Local Rule 54-3.12 clarifies that "[t]he intellectual effort involved in the production of these materials may not be taxed." *See also Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) (originating in C.D. Cal.). "To discern between physical and substantive preparations in determining costs, courts look for supporting evidence, including descriptions of visual aid preparation in invoices." *Syneron Med. Ltd. v. Invasix, Inc.*, 2019 WL 1878346, *2-*3 (C.D. Cal. Feb. 7, 2019) (citation omitted). The title of the individual performing the work is not a factor taken into account in distinguishing physical and substantive preparations. *Id*. (citing *Online DVD-Rental*, 779 F.3d at 932).

Apricorn does not oppose the taxing of costs for which SPEX has provided invoices which reasonably tie the expenses incurred to "physical preparation and duplication" of "visual aids reasonably necessary to assist the jury or the Court in understanding the issues at trial." L.R. 54-3.12. In this spirit, Apricorn does not

---

[1] In the spirit of compromise and to avoid burdening the court with motion practice, Apricorn proposed a compromise to SPEX on the issue of taxable costs, but as of filing this opposition has received no response.

oppose the taxing of any of the time entries for work performed by Ms. Sarah Southwell, as each of these entries describes the hours and fees expended as directed to "preparing slides." *See* Dkt. 307-3 at 3. Likewise, Apricorn does not oppose the taxing of the entries submitted for work performed by Ms. Erin Doyle described in the submitted invoices as "[p]reparation of slides." *Id*. However, not all of Ms. Doyle's time entries are taxable.

As noted above, under 28 U.S.C. § 1920 and Local Rule 54-3.12, "fees are permitted only for the physical preparation and duplication of documents." *See Online DVD-Rental*, 779 F.3d at 927; L.R. 54-3.12. A substantial portion of the work performed by Ms. Doyle for which SPEX seeks an award of costs is not described in the supporting invoices "with sufficient specificity, particularity, and clarity as to permit a determination" that the time spent was solely dedicated to physical preparation or duplication of documents. *Id*. at 928. Namely, SPEX seeks to tax invoiced expenses for 171 hours of Ms. Doyle's time which has been described simply as "[o]n site trial prep," without any reference to the physical production of trial demonstratives. *See* Dkt. 307-3 at 3-4.

In contrast to Ms. Doyle's entries which describe the expensed work as relating to "[p]reparation of slides," Apricorn and this Court are without any reliable way to determine whether any of the "[o]n site trial prep" expenses are tied to physical production of visual aids, rather than (1) meetings to discuss the slides, (2) technical assistance, (3) consulting, or (4) other non-taxable expenses or intellectual effort. *See, e.g., Syneron Med.*, 2019 WL 1878346, \*2-\*3 (reducing costs award to exclude "meetings to discuss the slide decks"); *Andresen v. In'tl Paper Co.*, 2015 WL 3648972, \*9 (C.D. Cal. June 10, 2015) (declining to tax costs for fees invoiced by Trial Edge and other consultants not directly tied to physical production of visual aids). And, as noted above, Ms. Doyle's title is not a factor to be taken into account in distinguishing between physical and substantive preparations. *See Online DVD-Rental*, 779 F.3d at 932; *Syneron Med.*, 2019 WL 1878346, \*2.

As such, Apricorn opposes SPEX's motion in part and requests that the Court reduce any costs awarded for visuals aids by $40,105 to discount the time entries for which SPEX has not provided adequate documentation. Apricorn does not object to an award encompassing the remaining total amount of $28,083.

Dated: April 13, 2020

Respectfully submitted,

 */s/ Michael J. Lyons*
Christopher D. Bright
christopher.bright@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
600 Anton Boulevard, Ste. 1800
Costa Mesa, CA 92626
Tel: 714.830.0600
Fax: 714.830.0700

Hersh Mehta (*admitted pro hac vice*)
hersh.mehta@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601
Tel: 312.324.1739
Fax: 312.324.1001

Michael J. Lyons
michael.lyons@morganlewis.com
Carla B. Oakley
carla.oakley@morganlewis.com
Ehsun Forghany
ehsun.forghany@morganlewis.com
Thomas Y. Nolan
thomas.nolan@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.843.7226
Facsimile: 650.843.4001

Attorneys for Defendant,
Apricorn

3

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2020, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system, which constitutes service on all counsel of record to this action.

     /s/ *Michael J. Lyons*
         Michael J. Lyons