UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-7349 JVS (AGRx) | Date | May 1, 2020 |
| Title | SPEX Technologies, Inc. v. Apricorn | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Tax Costs for Visual Aids**

Plaintiff SPEX Technologies, Inc. ("SPEX") moved to tax costs for visual aids pursuant to 28 U.S.C. § 1920(4) and L.R. 54-3.12. Mot., Dkt. No. 307. Defendant Apricorn opposed. Opp'n, Dkt. No. 309. SPEX replied. Reply, Dkt. No. 311.

For the following reasons, the Court **GRANTS** the motion.

## I. Background

A jury trial commenced in this case on January 30, 2019. On February 11, 2020, the jury returned a unanimous verdict finding infringement of claims 11 and 12 of the '802 patent, and that SPEX should recover $3,071,838.75 for such infringement through the date of trial. See Dkt. Nos. 287, 295.

On March 23, 2020, the Court entered judgment in the action, finding that SPEX is the prevailing party pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54-1, and 28 U.S.C. § 1920. Order, Dkt. No. 303.

## II. Legal Standard

"[C]osts other than attorneys's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Taxable costs include "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In the Central District, "[s]ummaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 16-7349 JVS (AGRx)               Date  May 1, 2020

Title    **SPEX Technologies, Inc. v. Apricorn**

reasonably necessary to assist the jury or the Court in understanding the issues at the trial" may be taxed as costs "[u]pon order of the Court."  L.R. 54-3.12(a); Little Oil Co., Inc. v. Atlantic Richfield Co., 852 F.2d 441, 448 (9th Cir. 1988) ("Costs for items such as summaries, computations, charts, graphs, etc. are recoverable under 28 U.S.C. § 1920 and Local Rule [54-3.12] for the Central District of California.").  Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party."  Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.2d 1136, 1144 (9th Cir. 1998).  The burden is on the losing party to show why costs should not be awarded.  See id.  "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award."  In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 932 (9th Cir. 2015) (quoting Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

### III. DISCUSSION

SPEX seeks an order from this Court permitting the clerk to tax $68,188.00 billed by TrialEdge LLC ("TrialEdge") for preparing demonstrative trial exhibits.  Mot. at 2.  SPEX is seeking taxation of the highlighted items in TrialEdge's invoice (see Dkt. No. 307-3, Ex. A) which concern the preparation of demonstrative visual trial aids by Erin Doyle and Sarah Southwell, who were involved only with preparation of trial demonstratives.  Declaration of Jacob R Buczko ("Buczko Decl."), Dkt. No. 307-2 ¶ 4.  SPEX declares that Doyle and Southwell did not engage in other forms of work, like intellectual consulting services.  Id.

Apricorn does not oppose to awarding SPEX $28,083 in costs, but opposes the remaining $40,105, based on the argument that the entries for work performed by Erin Doyle are not sufficiently specific to permit a determination that the time spent was solely dedicated to physical preparation.  Opp'n at 1-2.  Apricorn points to Doyle's entries that state merely "[o]n site trial prep," as insufficiently specific and without reference to the physical production of trial demonstratives.  Id.

The Court finds that Apricorn has not met its burden of showing why costs should not be awarded; the reason it offers is not sufficiently persuasive to overcome the presumption in favoring of awarding SPEX these costs.  The Buczko Declaration states that Doyle's only responsibility at trial was the preparation of demonstrative slides.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    CV 16-7349 JVS (AGRx)                                   Date    May 1, 2020

Title    **SPEX Technologies, Inc. v. Apricorn**

Accordingly, the Court **GRANTS** SPEX's motion.

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

The Court finds that oral argument would not be helpful in this matter and **vacates** the May 4, 2020 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

**IT IS SO ORDERED.**

: 0

Initials of Preparer    lmb