JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349 JVS (AGRx) | Date | August 10, 2020 |
| Title | SPEX Technologies, Inc. v. Apricorn | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **[IN CHAMBERS] Order Regarding Defendant's Motions for Judgment as a Matter of Law or New Trial (Dkt. Nos. 312, 313)**

Plaintiff SPEX Technologies, Inc. ("SPEX" or "Plaintiff") filed this patent infringement suit against Defendant Apricorn on September 28, 2016. Complaint, Dkt. No. 1.

The matter proceeded to a jury trial on January 30, 2020. See Dkt. No. 253 (minutes of jury trial - day one). The jury returned a special verdict in favor of SPEX on February 11, 2020, finding that SPEX had proven by a preponderance of the evidence that Apricorn had infringed Claims 11 and 12 of U.S. Patent No. 6,088,802 ("the '802 Patent"). Dkt. No. 294 (sealed jury verdict). The jury awarded SPEX $3,071,838.75 in reasonable royalty damages. Id.

Currently pending before the Court are Apricorn's two motions for judgment as a matter of law ("JMOL") under Rule 50(b) or for a new trial under Rule 59. First, Apricorn moves for JMOL or new trial regarding infringement. Noninf. JMOL, Dkt. Nos. 312 (notice), 327 (supporting memorandum). SPEX opposed the motion (Opp'n re Noninf., Dkt. No. 328) and Apricorn replied (Reply re Noninf., Dkt. No. 331). Second, Apricorn moves for JMOL or new trial regarding pre-suit damages. Marking JMOL, Dkt. Nos. 313 (notice), 326 (supporting memorandum). SPEX opposed the motion (Opp'n re Marking, Dkt. No. 329) and Apricorn replied (Reply re Marking, Dkt. No. 330).

For the reasons stated in this Order, the Court **GRANTS** Apricorn's Motion for Judgment as a Matter of Law on the basis of noninfringement (Dkt. No. 312) and

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349 JVS (AGRx) | Date | August 10, 2020 |
| Title | SPEX Technologies, Inc. v. Apricorn | | |

**DENIES AS MOOT** Apricorn's Motion for Judgment as a Matter of Law or new trial as to pre-suit damages (Dkt. No. 313).

## I. BACKGROUND

The '802 Patent is titled "Peripheral Device with Integrated Security Functionality" and issued on July 11, 2000. The '802 Patent relates to devices that can communicate with host computing devices to provide various operations, including security operations. See '802 Patent at Abstract. The asserted claims of the '802 Patent recite:

> 11. A peripheral device, comprising:
> security means for enabling one or more security operations to be performed on data;
> target means for enabling a defined interaction with a host computing device;
> means for enabling communication between the security means and the target means;
> means for enabling communication with a host computing device; and
> means for mediating communication of data between the host computing device and the target means so that the communicated data must first pass through the security means.
>
> 12. A peripheral device as in claim 11, wherein the target means comprises means for non-volatilely storing data.

'802 Patent, Claims 11, 12.

During claim construction, the parties presented a dispute regarding whether the "means for mediating" term was definite. See generally, Claim Construction Order, Docket No. 122 at 31–38. The term was construed as:

> Subject to 35 U.S.C. § 112(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 16-07349 JVS (AGRx)                    Date  August 10, 2020

Title     SPEX Technologies, Inc. v. Apricorn

> Recited Function: mediating communication of data between the host computing device and the target means so that the communicated data must first pass through the security means
>
> Corresponding Structures:
> Interface control device 910 (as shown in Fig. 9B).

In reaching this determination, the Court stated, *inter alia*,

> . . . Figure 9B provides particularized disclosure of component parts, i.e. structure, for interface control device 901. Unlike the general disclosure of an FPGA [("Field Programmable Gate Array")] as requiring programming to perform its intended function, Figure 9B sets out detailed information about interface control device 901.
>
> . . . Defendants omit additional language in the specification that states,
>
>> in particular, the content of the configuration registers enables the interface control device to present to the host computing device a desired identification of the peripheral device, and determines whether data passing through the peripheral device must be subjected to security operations.
>
> '802 Patent at 17:24-36 . . . . [A] person of skill in the art has significant additional details about the interactions between the component parts of the interface control device 910 with corresponding structure as a result of Figure 9B itself. Given the specific details provided in this disclosure, Defendants have not proven by clear and convincing evidence that the structure of interface control device 901 is inadequately disclosed by the patent specification.

Claim Construction Order, Docket No. 62 at 37.

## II. LEGAL STANDARDS

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349 JVS (AGRx) | Date | August 10, 2020 |
| Title | SPEX Technologies, Inc. v. Apricorn | | |

Because, as discussed infra, judgment as a matter of law is appropriate in this case, the Court provides that standard here and does not recite the standard for seeking a new trial under Rule 59.

Considering the grant or denial of a motion for judgment as a matter of law presents "a procedural issue not unique to patent law, which [the Federal Circuit] review[s] under the law of the regional circuit where the appeal from the district court normally would lie." Riverwood Int'l Corp. v. R.A. Jones & Co., 324 F.3d 1346, 1352 (Fed. Cir. 2003); see also Applied Med. Res. Corp. v. U.S. Surgical Corp., 435 F.3d 1356, 1364 (Fed. Cir. 2006).

Rule 50 authorizes the defendant to move for judgment as a matter of law anytime after the plaintiff's case-in-chief. Fed. R. Civ. P. 50(a). In determining whether to grant judgment as a matter of law, the court must determine whether the jury has a "legally sufficient evidentiary basis" to find for the plaintiff. Id. If the judge denies the motion, and the jury later returns a verdict against the defendant, the defendant may renew its motion for judgment as a matter of law after trial. Fed. R. Civ. P. 50(b); EEOC v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009). Like the pre-verdict motion, the post-verdict motion also challenges the sufficiency of the plaintiff's evidence. Hagen v. City of Eugene, 736 F.3d 1251, 1256 (9th Cir. 2013). If the jury verdict is "supported by substantial evidence," the court must uphold the jury verdict. Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). However, if the evidence "permits only one reasonable conclusion, and that conclusion is contrary to the jury," the court may grant judgment as a matter of law to the defendant. White v. Ford Motor Co., 312 F.3d 998, 1010 (9th Cir. 2002) (internal quotation marks omitted). When reviewing the evidence, the court must view the evidence "in the light most favorable to the nonmoving party" and draw "all reasonable inferences" in favor of the nonmoving party. Torres v. City of Los Angeles, 548 F.3d 1197, 1205-06 (9th Cir. 2008) (internal quotation marks omitted).

### III. ANALYSIS

After trial in this matter, in a recent summary judgment determination in a trailing, related case, the Court found that configuration registers are indispensable components of Interface Control Device 910, the corresponding structure identified for the "means for mediating" claim term. See SPEX Tech. v. Kingston Tech. Corp. et al., Case No. SACV

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-07349 JVS (AGRx) | Date | August 10, 2020 |
|---|---|---|---|

| Title | **SPEX Technologies, Inc. v. Apricorn** |
|---|---|

16-01790 JVS (AGRx), Dkt. No. 416 (sealed), at *19-24 (C.D. Cal. June 16, 2020) ("Kingston Summary Judgment Order").  The Court's analysis in that Order is incorporated herein by this reference.  Id.  In brief, the patent intrinsic record, including the portions of the patent specification describing the operation of Interface Control Device 910, supports the conclusion that configuration registers are central to the structure of Interface Control Device 910.  See '802 Patent at 17:26-33; see also Toro Co. v. Deere & Co., 355 F.3d 1313, 1324 (Fed. Cir. 2004); Solomon Techs., Inc. v. Int'l Trade Comm'n, 524 F.3d 1310, 1317 (Fed. Cir. 2008) ("our case law allows for greater weight to be given to individual components that play a central role in the identified structure.").

Among other arguments, Apricorn's motion for JMOL argues that SPEX failed to prove at trial that the "means for mediating" limitation is met by the accused products.  Apricorn states, "[g]iven that the patent describes the configuration registers as determining 'whether data passing through the peripheral device must be subjected to security operations' ('802 Patent at col. 17:24-36), and is indispensable to the functioning of [Interface Control Device] 910, SPEX failed to carry its burden to account for them." Noninf. JMOL at 18 (citing Toro, 355 F.3d at 1324; Solomon Techs., 524 F.3d at 1317); see also Dkt. No. 269 at 4 (Apricorn's Feb. 6, 2020 trial brief in support of JMOL, arguing noninfringement is warranted because "Apricorn's products do not use . . . the configuration registers . . . in Figure 9B.").

At trial, SPEX's technical expert, Gomez, answered one question on direct examination related to whether the accused Apricorn products include configuration registers or their equivalent:

Q. And what are you showing here?
A. It shows that both devices need to be configured, so there's always configuration information that they can be programmed with.

Trial Tr., Feb. 4, 2020 (Dkt. No. 327-4) at 102:10-13 (question asked in the context of testimony that USB is equivalent to PCMCIA[1]); see also Dkt. No. 335-7 at ECF2 (Gomez

---

[1] It is relevant that this testimony was presented in the context of whether USB is equivalent to PCMCIA because the "means for mediating" structure requires components that connect to a PCMCIA

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349 JVS (AGRx) | Date | August 10, 2020 |
| Title | SPEX Technologies, Inc. v. Apricorn | | |

trial demonstrative, quoting from trial exhibit PX070 as stating, "[b]efore a USB device's function may be used, the device must be configured. From the device's perspective, configuration involves correctly processing a SetConfiguration() request with a non-zero configuration value."). SPEX refers to this testimony to argue that Gomez "address[ed] equivalency" of the configuration registers at trial. Opp'n to Noninf. at 17 n.10.

However, testifying that the accused devices perform the function of "be[ing] configured" is not the same as saying the accused devices have an equivalent structure to the configuration registers disclosed in Interface Control Device 910. See also Kingston Summary Judgment Order at 23 (citing Fresenius USA, Inc. v. Baxter Int'l, Inc., 582 F.3d 1288, 1299 (Fed. Cir. 2009); Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1267 (Fed. Cir. 1999)). "It is firmly established in our precedent that a structural analysis is required when means-plus-function limitations are at issue; a functional analysis alone will not suffice." Fresenius, 582 F.3d at 1299 (citations omitted).

Because SPEX failed to prove at trial that the accused products, either literally or equivalently, included configuration registers, which are indispensable structural components of the corresponding structure for the "means for mediating" claim term, judgment of noninfringement as a matter of law is appropriate. Apricorn's motion for judgment as a matter of law is **GRANTED** on this basis.

In reaching this determination, the Court finds that Apricorn adequately raised this dispute in the context of its motion for judgment as a matter of law. Dkt. No. 269 at 4. Apricorn's suggestion that it otherwise adequately raised the issue during pretrial proceedings is not particularly persuasive. Moreover, in the context of its motion for judgment as a matter of law, Apricorn's consideration of this issue was cursory. See id. The critical argument and analysis related to this dispute was presented by another defendant in a trailing case during that case's summary judgment phase. See Kingston Summary Judgment Order.[2]

---

*interface*; PCMCIA itself is not fully included in the "means for mediating" structure. See also, e.g., Dkt. No. 341-3 (Gomez trial demonstrative, showing "USB PHY" as outside of the structure in the accused products designated as satisfying the "means for mediating" claim term).

[2]For this reason, the Court has considered all of SPEX's evidence, even if presented for the first time in the context of SPEX's request for a hearing regarding the Court's tentative ruling on the motion

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349 JVS (AGRx) | Date | August 10, 2020 |
| Title | SPEX Technologies, Inc. v. Apricorn | | |

However, the record does not support a new trial. The evidence that SPEX identifies in its request for hearing on Apricorn's motion for JMOL (Dkt. No. 341) would have been insufficient at the summary judgment stage or trial to support a question of material fact and ultimate finding that the accused products have the "configuration registers" required for infringement of the asserted claims. See also Dkt. No. 341 (Apricorn's response to SPEX's request for hearing). As Apricorn notes, portions of SPEX's cited testimony are taken out of context and appear to either not refer to "configuration registers" at all, or relate to "configuration registers" in structures external to the chips containing the alleged "means for mediating" structure in the accused products. See Dkt. No. 341 at 2:4-24. At most, SPEX refers to pretrial deposition testimony from an Apricorn witness stating that there are configuration registers on the chips "inside the chip[s] . . . everywhere." See Dkt. No. 337-1 at 56:20-57:5. This testimony is insufficient to show that the accused products have configuration registers as part of the alleged structure corresponding to the "means for mediating" claim limitation. As similarly discussed in the Kingston Summary Judgment Order, SPEX's cited evidence, including its citations to certain USB specification documents, is also not reflected in its expert's opinions with respect to the "means for mediating" limitation, and thus could not have been used by SPEX's expert to support SPEX's infringement theory on this issue. See Kingston Summary Judgment Order at 23-24.

Because judgment as a matter of law of noninfringement is appropriate on this basis, the jury's damages award is also necessarily vacated. Apricorn's remaining bases for seeking judgment as a matter of law, including as to both the jury's infringement and damages award, are **DENIED AS MOOT**.

### IV. CONCLUSION

For the reasons stated in this Order, the Court **GRANTS** Apricorn's Motion for Judgment as a Matter of Law on the basis of noninfringement (Dkt. No. 312) and **DENIES AS MOOT** Apricorn's Motion for Judgment as a Matter of Law or new trial as to pre-suit damages (Dkt. No. 313).

**IT IS SO ORDERED.**

---

for JMOL. Apricorn's procedural objections to this evidence are **DENIED**. See Dkt. No. 338.

JS - 6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-07349 JVS (AGRx) | Date | August 10, 2020 |
| Title | **SPEX Technologies, Inc. v. Apricorn** | | |

                                                                                                       : 0

Initials of Preparer    lmb