UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 16-7349 JVS (AGRx)                          Date  Sept. 30, 2020

Title  SPEX Technologies, Inc. v. Apricorn, Inc.

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] Order Regarding Motion to Tax Costs**

    Defendant Apricorn, Inc. ("Apricorn") moved to tax costs for visual aids pursuant to 28 U.S.C. § 1920(4) and L.R. 54-3.12. Mot., ECF No. 355-1. Plaintiff SPEX Technologies, Inc. ("SPEX") opposed. Opp'n, ECF No. 358. SPEX also filed evidentiary objections to Apricorn's motion. Obj., ECF No. 359. Apricorn replied. Reply, ECF No. 359.

    For the following reasons, the Court **GRANTS** the motion.

### I. BACKGROUND

    On August 10, 2020, the Court granted Apricorn's motion for judgment as a matter of law on the basis of noninfringement of SPEX's patent. See Order, ECF No. 342. On August 25, 2020, the Court entered an amended judgment in the action, finding that Apricorn is the prevailing party pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54-1, and 28 U.S.C. § 1920. Amended Judgment, ECF No. 344.

    Apricorn emailed SPEX on Friday, September 4, to ask whether SPEX would oppose Apricorn's motion to tax costs. Counsel Emails, ECF No. 358-3. Apricorn did not include a full accounting of costs in its email but offered to send over a full accounting of costs "shortly." Id. In response, SPEX informed Apricorn that it would oppose the motion on the basis of failure to comply with Local Rule 7.3. Id. Apricorn proceeded to file the motion on Tuesday, September 8, and set oral argument for Monday, October 5. See Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 16-7349 JVS (AGRx)                              Date  Sept. 30, 2020

Title  SPEX Technologies, Inc. v. Apricorn, Inc.

### II. LEGAL STANDARD

"[C]osts other than attorneys's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Taxable costs include "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). In the Central District, "[s]ummaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial" may be taxed as costs "[u]pon order of the Court." L.R. 54-3.12(a); Little Oil Co., Inc. v. Atlantic Richfield Co., 852 F.2d 441, 448 (9th Cir. 1988) ("Costs for items such as summaries, computations, charts, graphs, etc. are recoverable under 28 U.S.C. § 1920 and Local Rule [54-3.12] for the Central District of California."). Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to the prevailing party." Russian River Watershed Protection Comm. v. City of Santa Rosa, 142 F.2d 1136, 1144 (9th Cir. 1998). The burden is on the losing party to show why costs should not be awarded. See id. "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 932 (9th Cir. 2015) (quoting Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003).

### III. DISCUSSION

Apricorn seeks an order from this Court permitting the clerk to tax $41,144.29 billed by Magna Legal Services, LLC ("Magna") for preparing demonstrative trial exhibits. Mot. at 1. Apricorn is seeking taxation of the highlighted items in Magna's invoice, see Bill of Costs, ECF No. 355-3, Ex. A, which concern the preparation of demonstrative visual trial aids by Nick Benyo, Antonio Valerio, and Peter Kuempel and the cost of the physical production of printed poster boards. Declaration of Oliver J. Richards ("Richards Decl."), ECF No. 355-2, ¶ 3. Apricorn notes that the costs sought are only for time billed while out of court preparing the demonstrative visual aids. Id.

SPEX opposes the motion for several reasons. The first two reasons are procedural. First, SPEX argues that Apricorn failed to comply with Local Rule 7-3 by emailing SPEX on September 4 for a meet-and-confer when Apricorn filed the motion on September 8. Opp'n at 3-5. Under Local Rule 7-3, "counsel contemplating the filing of any motion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-7349 JVS (AGRx) | Date | Sept. 30, 2020 |
| Title | SPEX Technologies, Inc. v. Apricorn, Inc. | | |

shall first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution . . . at least seven (7) days prior to the filing of the motion." L.R. 7-3. Second, SPEX contends that Apricorn failed to comply with Local Rule 6-1 by noticing the motion 27 days, instead of 28 days, prior to the date set for oral argument. Opp'n at 4.

  This Court has previously rejected an invitation to deny a fully briefed motion for failure to comply with Local Rule 7-3 where the party opposing the motion "fail[ed] to show how any issue could have been resolved out of court because [that party] contests every issue raised . . . in [the] motion." Patton v. Experian Data Corp., 2018 WL 10126001, at *3 (C.D. Cal. Dec. 4, 2018). Similarly here, the parties have provided arguments on multiple disputes as to whether the awarding of costs is appropriate here. Although the purpose of Rule 7-3 is to promote judicial economy, Pollard v. FCA US LLC, 2018 WL 10701619, at *1 (C.D. Cal. June 25, 2018), SPEX has failed to show how agreement would easily have been reached so as to obviate the filing of this motion. The Court also does not deny the motion for being noticed 27 days before oral argument. SPEX has filed a fully developed brief in response to Apricorn's motion, and so the Court does not find that the one-day discrepancy prejudiced SPEX or justifies continuing oral argument in this case.  The Court's rulings here should not be taken as a license to avoid compliance with the Local Rules.

  SPEX next argues that Apricorn does not support its motion with admissible evidence. Opp'n at 5-6; Obj. SPEX fails to provide any support for the argument that motions for taxing costs must include admissible evidence, however. Moreover, Local Rule 54-2.1 states that an Application to the Clerk to Tax Costs must merely include a "detailed bill of costs." This is what Apricorn has provided in this motion, and that is evidence. See Bill of Costs, ECF No. 355-3, Ex. A. The Court therefore rejects SPEX's evidentiary objections.

  Finally, SPEX argues that the Court should not allow Apricorn to include "Afterhours" rates as they are unreasonable. Opp'n at 6-7. Apricorn responds that its overall costs of $41,144.29 are reasonable in comparison to the $68,188.00 that the Court granted SPEX following the jury trial in its favor. Reply at 7; see Order Granting Costs, ECF No. 323. Apricorn further contends that it is reasonable for people to work after hours in the week leading up to trial, particularly when they work for defendants, who must tailor their arguments to those presented by the plaintiff during trial. Reply at 7-8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 16-7349 JVS (AGRx)                                      Date  Sept. 30, 2020

Title     SPEX Technologies, Inc. v. Apricorn, Inc.

The Court agrees with Apricorn that the costs are reasonable given the time pressures of trial.

The Court finds that SPEX has not met its burden of showing why costs should not be awarded; the reasons it has offered are not sufficiently persuasive to overcome the presumption in favoring of awarding Apricorn these costs. Accordingly, the Court **GRANTS** Apricorn's motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for October 5, 2020, is ordered **VACATED**.

**IT IS SO ORDERED.**

                                                                                  :       0

                                        Initials of Preparer         lmb